THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERNARD ROLF, Respondent, *v.* BIRD S. COLER, as Comptroller of the City of New York, Appellant.

*Alternative writ of mandamus — a consent to the trial of an issue is a waiver of the objection that the procedure is improper — an extra allowance therein is improper.*

Where the return to an alternative writ of mandamus, issued in a proceeding to compel the comptroller of the city of New York to draw his warrant for the amount due under a contract between the relator and the city of New York, raises a question of fact whether the relator had paid the prevailing rate of wages to his employees, as required by section 3 of the Labor Law (Laws of 1897, chap. 415, as amd. by Laws of 1899, chap. 567), and such issue is by consent of the parties tried before a referee, who makes a report determining such issue of fact in favor of the relator, upon which report a peremptory writ of mandamus is granted at the Special Term, the comptroller cannot, for the first time on an appeal from the order granting the peremptory writ, raise the objection that it was improper to determine the question at issue in a mandamus proceeding.

Section 2086 of the Code of Civil Procedure, providing that where an alternative writ of mandamus has been issued, costs may be awarded as in an action, does not authorize the granting of an extra allowance in such a proceeding.

A mandamus proceeding is not a "special proceeding" within the meaning of that term as used in section 3253 of the Code of Civil Procedure, relating to extra allowances.

VAN BRUNT, P. J., dissented.

APPEAL by the defendant, Bird S. Coler, as comptroller of the city of New York, from an order of the Supreme Court, made at the New York Special Term, bearing date the 28th day of November, 1900, and entered in the office of the clerk of the county of New York, granting a peremptory writ of mandamus commanding him to draw his warrant on the chamberlain of the city of New York for the amount due under a contract between the relator and the city of New York, and also from an order entered in said clerk's office, granting to the relator an extra allowance.

*Theodore Connoly*, for the appellant.

*L. Laflin Kellogg*, for the respondent.

INGRAHAM, J.:

In this proceeding an alternative writ of mandamus was granted, to which the comptroller of the city of New York made a return. The issues raised by that return were brought on for trial at the

Special Term, when, by consent of the parties, a jury trial was waived and the issues were referred to a referee to hear and determine the same. The referee, after taking the testimony produced, made a report determining the issues of fact in favor of the relator, and reported that a peremptory writ of mandamus should issue as prayed for by the relator; and upon this report such a peremptory writ was granted at the Special Term. The question of fact raised upon this return was as to whether the relator, with whom the city of New York had made a contract to build a wooden pier and appurtenances at the foot of Broad street, East river, had complied with the provisions of section 3 of the Labor Law (Laws of 1897, chap. 415, as amd. by Laws of 1899, chap. 567) by paying the prevailing rate of wages for a day's work in the same trade or occupation to his employees. The comptroller having by stipulation waived the right of trial by jury and consented to refer the action to a referee to hear and determine the issues presented in the proceeding, such trial before the referee was governed by the same rules that would have applied if the trial had been before a jury. The only question litigated before the referee was as to whether or not the relator did pay to his men "the prevailing rate of wages." No point was made that it was not proper to determine the question at issue in a proceeding for a mandamus, nor was there any motion made at the end of the relator's case or at the end of the whole case for a dismissal of the proceeding upon that ground. Nor does it appear that the objection was taken at Special Term when the case was brought on for trial, or when the final order was entered. The parties thus having proceeded by consent to try out the question of fact which was presented, we think any objection to the proceeding upon the ground that mandamus was not the proper remedy was waived, and that point not having been taken in the court below, it cannot for the first time be taken on appeal. Where the parties had agreed to refer all the issues in a special proceeding to a referee, and had proceeded before the referee to try, as the only question presented, a question of fact, it would be unjust to allow either party upon appeal to raise for the first time the question as to the right to grant relief in such a proceeding rather than in an action at law. If the objection had been a proper one reasonably taken, there would have been no necessity for the protracted trial of the question of fact. As the mode of trial in

these proceedings is substantially that of the trial of an action at law, there is no reason why the parties should not, if they pleased, consent to try a question as to the liability of the city in such a proceeding rather than in an action at law, and if they do not so consent, or, by failing to take an objection to the form of the proceeding in time, waive the right to raise it, and then proceed to try the question of fact involved, they cannot, on appeal, insist upon a dismissal of the petition upon such ground.

Upon the facts we think the referee correctly disposed of the controversy. The statute which it is claimed was violated provides that the wages to be paid for a legal day's work "shall not be less than the prevailing rate for a day's work in the same trade or occupation in the locality within the state where such public work on, about or in connection with which such labor is performed in its final or completed form is to be situated, erected or used." To have made this statute applicable there must be proof that there was a prevailing rate of wages, and also proof of what that prevailing rate was. This is necessarily a question of fact, and the evidence produced in this case illustrates the difficulty of determining that question. The workmen or mechanics upon whose labor the question arose in this case were dock builders working for the relator in constructing a dock for the city of New York; and it would appear from the testimony that employers of such workmen in this locality paid a varying rate of wages. The city of New York paid to its workmen who were employed by it one rate, and various contractors who were called as witnesses paid other rates. Certainly the sum fixed by the dock board as the wages for laborers that they employed cannot be said to be the prevailing rate of wages paid to dock builders; nor is there such unanimity among the other employers of workmen of this character, from which there could be a finding that there was a "rate of wages" which prevailed in this locality. But, however that is, the referee has found that the relator had complied with all the requirements of section 3 of the Labor Law; that the prevailing rate of wages for a day's work in the same trade and occupation in the locality where such work and labor were performed for dock builders during the months of June and July, 1900, was not less than twenty-two cents per hour and not more than twenty-seven and a half cents per hour, this seeming to be the range

within which the employers of labor paid their men ; and, further, that the relator was paying in June and July, 1900, more than the prevailing rate of wages to the dock builders employed by him under the contract above referred to.  Upon an examination of the testimony it would appear that this finding was amply sustained by the evidence ; that a great majority of employers of labor of this character paid to their workmen considerably less than that paid by the relator ; and certainly there is no evidence to justify a finding that the relator did not pay the prevailing rate for such labor.  There was some evidence tending to show that a labor union had assumed to fix the rate of wages to be paid to dock builders in the city of New York ; but this action of the labor union could only affect its members, and the evidence shows that its membership did not include anything like a majority of the workmen ; and it would appear that many of its members accepted work for a less price than that fixed by it.  But the Legislature had not provided that the contractor should pay the rate of wages fixed by a labor union, or any other particular body or association ; but that he is to pay the rate that prevails in the locality, which must mean, I suppose, the wages received generally by those who are working at the same trade or occupation.  As we think that any question except that one of fact which was tried before the referee was waived by the appellant's failing to object to the granting of the writ, upon the ground that the relief could not be granted in this proceeding, and as there was no evidence to justify a finding that this relator had not paid the prevailing rate of wages, it follows that the writ was properly granted and it should be affirmed, with costs.

The city also appealed from the order of the Special Term granting to the relator an allowance of five per cent upon the amount involved in this proceeding.  We think that the court had no power in such a proceeding to grant an extra allowance.  By section 2086 of the Code it is provided that where an alternative writ of mandamus has been issued costs may be awarded as in an action.  Section 3251 of the Code prescribed the costs to which a party to an action is entitled.  Section 3252 of the Code provides that in certain actions a party, if he recovers costs, is entitled to recover in addition to the costs prescribed in section 3251, certain percentages to be estimated upon the amount found to be due.  Section 3253 pro-

vides that " in a difficult and extraordinary case, where a defense has been interposed in an action, or, except in the first and second judicial districts, in a special proceeding by certiorari to review an assessment  *  *  *  the court may also, in its discretion, award to any party a further sum as follows,  *  *  *  in any action or special proceeding specified in this section where a defense has been interposed  *  *  *  a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject matter involved ; " and the authority to make an allowance to the relator must be found in this section of the Code. In these sections 3251 and 3253 there is a distinction between the costs that the law awards to a party and the " further sum " that the court has authority to award in certain specified actions and special proceedings. The allowance specified in section 3253 is not designated as costs, but the court is given authority in the specific action or proceeding to grant to the successful party " a further sum " than that allowed to the prevailing party in an action as costs. So that where a party to a special proceeding is entitled to have costs awarded to him as in an action, it would seem that the costs to be thus awarded would be confined to the costs which section 3251 awards to a party to an action as costs, and would not include the further sum that the court in certain specified actions and special proceedings are allowed to award the successful party. A special proceeding for a mandamus is not a " special proceeding " specified in the section. The only special proceeding there specified is a proceeding by certiorari to review an assessment under a special statute, and, as the only power given to award this further sum to a party is in a special proceeding specified in the section, there was no power to make such an award in this proceeding.

It follows that the order granting the additional allowance must be reversed, with ten dollars costs and disbursements, and that motion denied, with ten dollars costs.

RUMSEY, O'BRIEN and HATCH, JJ., concurred ; VAN BRUNT, P. J., dissented.

Order granting writ of mandamus affirmed, with costs. Order granting additional allowance reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.