FRANK CAMPBELL, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Municipal Court, Borough of Manhattan, First District, May 15, 1926.

**Municipal corporations — wages of employees — Labor Law, § 220, requiring payment of prevailing rate of wages to all laborers and mechanics employed upon public works is constitutional and valid — plaintiff, employed as painter in department of plant and structures of city of New York, entitled to recover difference between wage paid and prevailing rate.**

Section 220 of the Labor Law in so far as it requires the payment of the prevailing rate of wages to all laborers, workmen and mechanics employed upon public works is constitutional and valid; therefore, plaintiff employed as a painter in the department of plant and structures in the city of New York may maintain an action for the difference between the wage paid him and the wage which his complaint recites to have been the prevailing rate for painters in the city of New York during certain specified periods between May, 1923, and June, 1925.

ACTION involving the constitutionality of section 220 of the Labor Law providing for the payment of the prevailing rate of wages to workmen, laborers and mechanics employed on public works.

*Sparks & Fuller [Frederick W. Sparks* of counsel], for the plaintiff.

*George P. Nicholson, Corporation Counsel [George H. Cowie* of counsel], for the defendant.

GENUNG, J. Action is brought by the plaintiff, employed as a painter in the department of plant and structures of the city of New York, to recover the sum of $595 claimed to be due him as the difference between the wages paid him and the wages alleged to have been the prevailing rate of wages for services rendered between May 21, 1923, and January 7, 1925. It is alleged in the complaint that the prevailing rate of wages for painters in the city of New York between May 21, 1923, and January 10, 1924, was ten dollars a day, and between January 21, 1924 and January 7, 1925, it was ten dollars and fifty cents a day. The plaintiff was paid during this entire period at the rate of nine dollars a day.

The complaint alleges: " That by virtue of the Labor Law of the State of New York it was at all times subsequent to May 21, 1923, and now is provided that the wages for a day's work to be paid to

all laborers, workmen and mechanics employed upon public works or upon any material to be used upon or in connection therewith, shall not be less than the prevailing rate for a day's work in the same trade or occupation in the locality where such labor is performed."

The answer alleges: " The Labor Law of the State of New York in so far as it is therein provided as alleged in  \*  \*  \*  the complaint  \*  \*  \*  (as aforesaid)  \*  \*  \*  is unconstitutional and void and in contravention of the provisions of the Constitution of the United States in such cases made and provided in that it deprives or attempts to deprive the defendant of its property without due process of law, abridges or attempts to abridge the defendant in its privileges and immunities and denies or attempts to deny the defendant the equal protection of the laws."

It is the contention of the defendant that the Labor Law (Laws of 1921, chap. 50, § 220), in so far as it provides for the payment of the prevailing rate of wages to all laborers, workmen and mechanics employed upon public works is unconstitutional and void. The defendant relies upon the recent decision of the Supreme Court of the United States in the case of *Connally* v. *General Construction Co.* (269 U. S. 385), holding a similar statute of the State of Oklahoma to be invalid and in contravention of the Fourteenth Amendment of the Constitution of the United States. That was a suit to enjoin certain State and county officers of Oklahoma from enforcing the provisions of certain statutes (Compiled Oklahoma Statutes 1921, §§ 7255, 7257), providing " that not less than the current rate of per diem wages in the locality where the work is performed shall be paid to laborers, workmen, mechanics  \*  \*  \*  or other persons so employed by or on behalf of the State,  \*  \*  \*  and laborers, workmen, mechanics, or other persons employed by contractors or subcontractors in the execution of any contract or contracts with the State,  \*  \*  \*  shall be deemed to be employed by or on behalf of the State," and further providing for any violation of the statute a penalty is to be imposed and declaring each day that the violation continues to be a separate offense. It was averred in the bill of complaint that it was impossible to determine under the circumstances whether the sums paid by the plaintiff or the amount designated by the commissioner or either of them constituted the current per diem wage in the locality, and further that the commissioner had threatened the plaintiff, and its officers, agents and representatives, with criminal prosecutions under the statutory provisions, and with maximum penalties aggregating many thousands of dollars in fines and many years of imprisonment, unless restrained. The constitutional grounds of attack, among

others, were that the statutory provisions, if enforced, would deprive plaintiff, its officers, agents and representatives, of their liberty and property without due process of law, in violation of the Fourteenth Amendment to the Constitution; that they contain no ascertainable standard of guilt; that it cannot be determined with any degree of certainty what sum constitutes a current wage in any locality; and that the term " locality " itself is fatally vague and uncertain. The United States Supreme Court, in an opinion by Mr. Justice SUTHERLAND, sustained the constitutional attack upon the statute and held that the statutory provision presented a double uncertainty, fatal to its validity as a criminal statute, as to the meaning of the words " current rate of per diem wages " and the word " locality.". Mr. Justice SUTHERLAND said: " That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. *International Harvester Co.* v. *Kentucky*, 234 U. S. 216, 221; *Collins* v. *Kentucky*, 234 U. S. 634." The decision of the court of three judges (Judicial Code, § 266, Comp. Stat. 1243) in the District Court of the United States for the Western District of Oklahoma, granting an interlocutory injunction (*General Const. Co.* v. *Connally*, 3 F. [2d] 666) was affirmed, Mr. Justice HOLMES and Mr. Justice BRANDEIS concurring in the result.

In the case of *People ex rel. Rodgers* v. *Coler* (166 N. Y. 1) the Court of Appeals held the Labor Law (Laws of 1897, chap. 415, § 3, as amd. by Laws of 1899, chaps. 192, 567), providing that a municipal contractor must pay his workmen not less than the prevailing rate of wages in the locality, and if he fails to pay such rate the contract shall be void, to be unconstitutional. In the case of *Ryan* v. *City of New York* (177 N. Y. 271) the Court of Appeals held the Labor Law (Laws of 1897, chap. 415, § 3, as amd. by Laws of 1899, chap. 567), providing the " wages to be paid for a legal day's work * * * to all classes of such laborers, workmen or mechanics upon all such public work * * * shall not be less than the prevailing rate for a day's work in the same trade or occupation in the locality within the State * * * " so far as it relates to the direct employees of the State or of a municipality thereof, to be constitutional. Thereafter, the Constitution of the State of New York was amended and a specific provision was added, authorizing the Legislature to pass an act fixing wages, etc., of all persons

employed by the State or a subdivision thereof, or by contractors or subcontractors performing public work. (Const. art. 12, § 1.) After that amendment was adopted the Legislature enacted the present Labor Law (Laws of 1921, chap. 50, § 220). Since the decision in the case of *Ryan* v. *City of New York* (*supra*) various questions arising under the statutory provisions of the Labor Law, with reference to the payment of the " prevailing rate for a day's work " and the " eight hour day " have been decided by the Court of Appeals, and the constitutionality thereof has been sustained. (*People ex rel. Cossey* v. *Grout*, 179 N. Y. 417; *People ex rel. E. & C. Co.* v. *Metz*, 193 id. 148; *Village of Medina* v. *Dingledine*, 211 id. 24; *Wright* v. *State of New York*, 223 id. 44; *McNulty* v. *City of New York*, 238 id. 29; *Pitt* v. *Board of Education*, 216 id. 304.) In the case of *People ex rel. Cossey* v. *Grout* (*supra*) the decision of the Supreme Court of the United States (*Atkin* v. *Kansas*, 191 U. S. 207), construing a statute of Kansas, enacting that any one who had contracted with the State or a municipality for the performance of public work, should not require or permit any workman to work thereon more than eight hours in a day, under penalty of fine and imprisonment, was discussed by CULLEN, Ch. J., and was held not to impair the authority of the decision in the case of *People ex rel. Rodgers* v. *Coler* (*supra*), although it did affect part of the reasoning by which the conclusion in that case was reached. The terms " prevailing rate of wages " and " locality " have been defined by the courts in this State. (*People ex rel. Rolf* v. *Coler*, 58 App. Div. 347; *People ex rel. Hausauer-Jones P. Co.* v. *Zimmerman*, 58 Misc. 264; Opinions of Attorney-General, 1912, p. 116.) In view of the foregoing decisions of the Court of Appeals, this court feels constrained to follow them and to hold the statutory provisions of the Labor Law, in so far as they provide for the payment of the " prevailing rate of wages " to be valid, for the purposes of the present litigation, and to deny the motion of the defendant to dismiss the action.

At the trial of this action the plaintiff established the " prevailing rate of wages " for painters in the city of New York to be the amounts alleged in the paragraphs of the complaint for the periods stated. The stipulation entered into between the parties at the opening of the trial provided that, between May 21, 1923, and January 20, 1924, plaintiff worked 207½ days, and protested the wages paid for 193¾ days, leaving 13¾ days unprotested. Between January 21, 1924, and January 7, 1925, he worked 277¾ days, and protested the wages paid for all of them. During the two periods he worked 485¼ days. Between May 21, 1923, and January 20, 1924, he is entitled to receive $193.75 for the protested days, at

$1 per day. Between January 21, 1924, and January 7, 1925, he is entitled to receive $416.63 for 277¾ protested days at $1.50 per day, making a total of $610.38, with interest from the date of filing the notice of the claim, April 1, 1925, to May 13, 1926, amounting to $40.97 (*Wright* v. *State of New York*, 223 N. Y. 44), making a total of $651.35. Judgment to be entered for plaintiff accordingly, with ten days' stay.