In the Matter of the Application of CARDER REALTY CORPORATION, Petitioner, against FRANCES PERKINS, Industrial Commissioner of the State of New York, Respondent.*

Third Department, November 25, 1932.

---

* Affd., 261 N. Y. 634.

*Parsons & McClung* [*Charles B. Sullivan* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*P. J. Hughes, Deputy Assistant Attorney-General,* and *Joseph A. McLaughlin, Assistant Attorney-General,* of counsel], for the respondent.

*Murray Hulbert,* as *amicus curiæ.*

RHODES, J. About the 17th of December, 1931, petitioner entered into a written contract with the State of New York for the construction of certain buildings at the Hudson River State Hospital in the town of Poughkeepsie. In connection with the preliminary brick work, and on March 29, 1932, petitioner employed one bricklayer at one dollar per hour for an eight-hour day. It contemplated employing a large number of bricklayers as soon as the construction was under way sufficiently to require more of them. On the same day the secretary of Bricklayers' Union No. 44 of Poughkeepsie, N. Y., addressed a complaint in the form of a letter to the Commissioner of Labor against the petitioner relative to work on the said job, on the ground that it was not paying the prevailing rate of wages. Acting upon said complaint, a representative of the department made an investigation on April fourth and made a written report thereon dated April seventh, by which it appears that twenty-six bricklayers were employed in the town at thirteen dollars and twenty cents each per day and three were employed by the petitioner at one dollar per hour.

Thereupon a hearing was had before a representative of the department in the city of New York on May 6, 1932, at which the petitioner was represented by attorney. The report of the investigation was made a part of the record of said hearing, and after the taking of other evidence the Commissioner of Labor made a determination or order on the 18th day of May, 1932, which, among other things, refers to the report of said investigation and states: " The said report shows that on April 4, 1932, the prevailing rate of wages for bricklayers in the Town of Poughkeepsie was $13.20 per day of eight hours."

There was no evidence presented by the respondent to controvert the conclusion of the report of Mediator McManus, namely, that on April 4, 1932, thirteen dollars and twenty cents per day was

the prevailing rate of wages for bricklayers in the town of Poughkeepsie. But the respondent did present evidence showing that on dates subsequent to April 4, 1932, namely, on and after April 18, 1932, the Carder Realty Corporation greatly increased the number of bricklayers employed by it on its contract in the town of Poughkeepsie; that this increased number of bricklayers received a wage of one dollar per hour; and that this increased number of bricklayers receiving one dollar per hour on dates subsequent to April 4, 1932, exceeded the number of bricklayers shown by the aforesaid report to be in receipt of thirteen dollars and twenty cents per day, on April 4, 1932, in the town of Poughkeepsie.

The said order further finds that the said complaint alleging that the petitioner " is not paying the prevailing rate of wages for bricklayers in the Town of Poughkeepsie is sustained." It further provides: " Ordered, that the Carder Realty Corporation comply with the provisions of Subdivision 3 of Section 220 of the Labor Law of the State of New York, and pay the sum of $13.20 per day of eight hours to all bricklayers who have been or may hereafter be employed by it on the public work now being constructed by it in the Town of Poughkeepsie."

It is said determination or order of which the petitioner complains and which is now brought before us for review.

Petitioner argues that the authority of the Commissioner is exhausted when a determination is made as to the issues arising from the complaint that the contractor has paid a less wage than should have been paid during the period specified in the complaint; that the jurisdiction of the Commissioner when invoked or exercised is limited to violations already occurred; that such official is not clothed with power to make a determination as to the rate of wages paid by petitioner on dates subsequent to the date of the complaint, nor to direct or establish the rate of wages to be paid in the future; that, therefore, the order which was dated May 18, 1932, was improper in so far as it directed the petitioner to pay the prevailing rate of wages to all bricklayers who " may hereafter be employed by it."

The provisions governing this controversy are found in article 8 of the Labor Law, sections 220–223, inclusive. Subdivision 7 of section 220 provides in part that the fiscal officer (the Industrial Commissioner) may on his own initiative, and must, on a verified complaint in writing of any person interested, cause an investigation to be made " to determine the prevailing rate of wages in the same trade or occupation in the locality * * *." Subdivision 8 of said section provides in part that a hearing shall be held upon notice to the interested parties and upon such hearing and investi-

gation the fiscal officer " shall determine the issues raised thereon and shall make and file an order in his office stating such determination * * *."

Section 41 of the Labor Law provides that the Commissioner and Board shall not be bound by technical rules of evidence and shall conduct all hearings according to procedure prescribed by them respectively.

While it is true that the issues in this proceeding were raised by the complaint filed, an examination of the statute indicates that the proceeding is not to be governed by the strict rules applicable to an action or proceeding in court. Although the employer is entitled to know the charge and to be present at the hearing thereof, the statute does not indicate that the determination of the Commissioner is necessarily to be confined within the limits of the dates specified in the complaint. The purpose of the statute is that the Commissioner shall make an investigation to determine what is being done, to the end that contractors and employers shall be compelled to observe the law relative to hours of employment and the prevailing rate of wages. At any rate, upon the hearing it was the petitioner who raised the issue and introduced proof as to the number of employees and the rate of wages paid after the date specified in the complaint, and one of the principal points upon which petitioner itself now bases its attack upon the order is that the proof introduced establishes that soon after the date specified in the complaint the prevailing rate was eight dollars per day instead of thirteen dollars and twenty cents per day. There is nothing in the statute confining the investigation of the Commissioner to the period or dates stated in the complaint. The petitioner itself enlarged the issues to include the time up to the date of the hearing, and having fully prepared itself upon this issue and introduced proof thereon, has not been prejudiced in any way by the extension of the issues to include the date of hearing or the date of the order.

The petitioner then contended and now contends that the prevailing rate of wages at the time of the hearing should have been determined by considering and including the wages paid to bricklayers employed by it with the wages paid to all other bricklayers employed in the town. Such a method clearly would be improper as applied to the present proceeding. It is evident that at the outset before the petitioner placed any bricklayers at work upon this job, the prevailing rate of wages paid to bricklayers in the town necessarily was governed by what was paid bricklayers by other contractors and employers therein. That rate was thirteen dollars and twenty cents per day. When petitioner placed its first

bricklayer at work upon the job, its duty was, therefore, to pay this bricklayer at a rate of thirteen dollars and twenty cents per day, and when it placed other bricklayers at work, its duty was likewise to pay them this prevailing wage. It failed to do so and started the employment of its bricklayers at a prohibited and unlawful wage rate. The number of employees of petitioner who were paid an unlawful and prohibited wage should not be included with employees of other contractors who were paid the prevailing rate of wage in order to affect and change such prevailing rate. A decrease in a prevailing rate of wage may not be established by any such procedure, or by such evidence.

No proof appears in the record to establish any change in rate other than the proof relating to the employees of petitioner who were paid such prohibited and illegal rate. The original rate having been established at thirteen dollars and twenty cents per day, that rate, in the absence of proof, is presumed to continue. This is in accordance with the common-law presumption that where the existence at one time of a certain condition or state of things of a continuing nature is shown, the general presumption arises that such condition or state continues to exist until the contrary is shown. (See *Matter of Huss*, 126 N. Y. 537.)

Petitioner further complains as to the provisions of the order whereby in substance it directs the contractor to pay and continue to pay the prevailing rate of thirteen dollars and twenty cents per day. In its brief it states that the order should be modified and limited as to time to a determination as to the prevailing rate of wages between the dates of March twenty-ninth and April fourth, and also that the direction that petitioner pay the difference between eight dollars per day and thirteen dollars and twenty cents be limited and confined to those dates. It concedes that the Commissioner could properly have determined that the prevailing rate from March twenty-ninth to April fourth, inclusive, was thirteen dollars and twenty cents, and could have ordered that the employees to whom the petitioner had paid eight dollars per day during such period should have been paid thirteen dollars and twenty cents, and that they be paid the difference. It thus recognizes that it is proper to insert in such an order a direction that the contractor pay to its employees the difference between what they have received and the prevailing rate as to past employment. While the statute contains no express provision as to the insertion of a similar provision or direction in the order relative to future employment, such direction attempts to state and require only what the statute commands the contractor must do; that is, the contractor is obligated and required by statute to pay the prevailing rate. That rate,

as determined by the Commissioner by order after investigation, is presumed to continue and by the terms of the statute does continue until modified. Subdivision 9 of said section 220 provides that " When a final determination has been rendered, any person, or corporation that wilfully refuses *thereafter* to pay the prevailing rate of wages *so determined* or wilfully employs on such public work, laborers, workmen or mechanics more than the hours per day determined by said order *until modified by order of the fiscal officer or court* and thereby violates the provisions of this section shall be guilty of a misdemeanor  *  *  *.*"

Petitioner was, therefore, under a duty imposed by statute to pay the prevailing rate of wages as determined by the Commissioner until such order or determination be modified; the order is simply declaratory of the statutory duty.

Petitioner complains that it has made application to the Commissioner for modification and that its application has not been acted upon. This objection is not well founded. By the provisions of subdivision 7 of said section, the Commissioner is required to act only in case there is presented a verified complaint in writing. No such verified complaint in writing had been presented to the Commissioner. Hence, nothing has been presented making it mandatory for the Commissioner to investigate further, and no competent facts have been presented, even informally, by the petitioner, tending to establish that there has been any decrease in the prevailing rate of wages in the locality in question.

The determination of the Commissioner should be confirmed, with fifty dollars costs and disbursements.

VAN KIRK, P. J., and HILL, J., concur; HINMAN, J., dissents with a memorandum, in which CRAPSER, J., concurs.

HINMAN, J. (dissenting). I dissent and vote to annul the determination of the Commissioner in so far as the order fixes the prevailing rate of wages to be paid in the future. It is my interpretation of the statute that the Commissioner has no authority to do more than to decide the issue raised by the complaint and in no event beyond the period covered by the hearing. Subdivision 7 of section 220 of the Labor Law relates only to complaints against the employer. Subdivision 8 requires notice to be given solely to the " person or corporation affected," a term used throughout the section to mean the employer. Subdivision 9 of section 220 cannot in my judgment be interpreted to mean inferentially that the Commissioner's order has continuing effect. It is a penal provision, making disobedience a misdemeanor. Such a provision

must be strictly construed in favor of the employer and means only that he is guilty if he willfully refuses to make the payments found due under the determination made upon the issue tried at the hearing. It cannot be that the Legislature meant anything more. The statute does not say more and the employer has not had his day in court as to the future. There is no provision of the statute permitting the employer to recover any excess payments if he is supposed to be entitled to enter a complaint subsequently against the provision of the order giving the determination continuing effect as to the future. The only provision for instituting an action for recovery is one " against the person or corporation found violating this act. (Labor Law, § 220, subd. 8.)

It is my theory of the rights of the employer that he is now at liberty to decide for himself what he shall pay beyond the period covered by the determination, but if he again pay less than the prevailing rate, complaint may again be lodged against him and if too low a rate has been paid, the workmen can again recover the difference.

CRAPSER, J., concurs.

Determination confirmed, with fifty dollars costs and disbursements.