In the Matter of the Petition of FRED W. GIESEKING, Appellant, for an Order of Mandamus against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— The decision of this court handed down on June 30, 1933 [*ante*, p. 730], is hereby amended to read as follows: Order denying motion for a mandamus order unanimously affirmed, with costs, as a matter of law and not in the exercise of discretion. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

In the Matter of the Application of LOUIS KEIL, Petitioner, for a Certiorari Order against ELMER F. ANDREWS, Industrial Commissioner of the State of New York, Respondent.— Determination of the State Industrial Commissioner annulled, certiorari proceedings sustained and matter remitted to the Industrial Commissioner for a rehearing and determination, with costs to relator to abide the event, the court being of opinion that the evidence did not justify a finding that the prevailing rate was $13.75 per day, but did show that the prevailing rate had decreased after date of complaint. The rate paid by the petitioner should not be considered in fixing the prevailing rate. (*Matter of Carder Realty Corporation* v. *Perkins*, 237 App. Div. 152; affd., 261 N. Y. 634, 713.) Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

In the Matter of the Application for Appointment of an Ancillary Committee of the Property of MARGARET LEICHTMAN, an Alleged Incompetent Person. MARGARET CLAAS, Appellant; CHRISTINA HUGOT, Administratrix, etc., of HENRY WINSWEILER, Deceased, Respondent.— Order reversed on the law and the facts, without costs, and application granted. Under the facts herein disclosed, the Supreme Court has the power to appoint a resident committee of a non-resident adjudged lunatic without an independent inquisition by the courts of New York as to the facts of lunacy. Young, Kapper and Scudder, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent upon the ground that a resident may not be appointed as committee of an alleged non-resident incompetent without inquisition. Settle order on notice.

In the Matter of the Application of HELEN H. PINE, Respondent, for a Mandamus Order against ELLIS T. TERRY, Treasurer of Suffolk County, Appellant.— Peremptory mandamus order reversed, with costs, and motion denied, with ten dollars costs, as a matter of law and not in the exercise of discretion. We are of opinion that by the enactment of chapter 187 of the Laws of 1931 and chapter 335 of the Laws of 1932 the Legislature did not intend to repeal chapter 152 of the Laws of 1929. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.