In the Matter of the Application of CARDER REALTY CORPORATION, Petitioner, for a Certiorari Order against ELMER F. ANDREWS, Industrial Commissioner of the State of New York, Respondent.

Third Department, January 19, 1934.

*Benjamin McClung* [*Charles B. Sullivan* and *Warner M. Bouck* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General,* of counsel], for the respondent.

RHODES, J. By order dated May 18, 1932, the Commissioner determined that the prevailing rate of wages for bricklayers in the town of Poughkeepsie, N. Y., on April 4, 1932, was thirteen dollars and twenty cents per day of eight hours, and petitioner was directed by said order to pay said rate per day " to all bricklayers who have been or may hereafter be employed by it on the public work now being constructed by it in the Town of Poughkeepsie." Such determination was confirmed by this court (*Matter of Carder Realty Corp.* v. *Perkins*, 237 App. Div. 152) and by the Court of Appeals (261 N. Y. 634). The remittitur of said court, as amended, affirmed the order of the court below " without prejudice to any application by petitioner to the Industrial Commissioner for a new determination upon proof of a change in the prevailing rate of wages for bricklayers in the Town of Poughkeepsie from the rate of $13.20 per day determined in said order to be the prevailing rate of wages of bricklayers." (See 261 N. Y. 713.)

While the original proceeding was pending on appeal and before the said decision by the said Court of Appeals, the petitioner filed with the said Commissioner a verified petition and complaint dated June 8, 1932, requesting that an investigation be made by said Commissioner to ascertain the then prevailing rate of wages of bricklayers in said town, and for a hearing and modification of the said determination and order of May 18, 1932. No hearing was granted while the original order was being reviewed in the certiorari proceedings then pending.

Thereafter, and prior to the amendment of said remittitur by the Court of Appeals, and on the 31st day of March, 1933, petitioner filed with the said Industrial Commissioner a verified amended and supplemental petition and complaint requesting that investigation be made by him as to any change in the prevailing rate of wages of bricklayers in said town from and after June 9, 1932, and requesting a hearing and modification of said order and determination. Pursuant thereto and on the 8th day of May, 1933, the Commissioner held a hearing on said petition and complaint and on June 1, 1933, made and filed in his office an order and determination modifying said original order of May 8, 1932, which said order of modification recites that the evidence presented at said hearing shows that on March 31, 1933, and up to on or about May 3, 1933, the prevailing rate of wages for bricklayers in the town of Poughkeepsie was eleven dollars per day, and that on or about May 3, 1933, and there-

after, the prevailing rate of wages of bricklayers in said town was nine dollars and twenty cents per day; that the petition of the said petitioner herein is granted in so far as it relates to the requests contained in the petition to the effect that an immediate investigation be made and that the said order of May 18, 1932, be modified. It further recites that the said petition is denied in so far as it relates to a request contained therein that an investigation be made to determine the prevailing rate of wages paid bricklayers in said town on June 9, 1932, and thereafter to the date of the filing of the petition for investigation and modification. The order then, in substance, modifies the said original order of May 18, 1932, so as to require the payment of eleven dollars per day for bricklayers from March 31, 1933, to May 3, 1933, and the sum of nine dollars and twenty cents per day to such bricklayers from and after May 3, 1933.

The objection which petitioner now makes to the order of modification is that the Commissioner refused to consider evidence or to make a determination as to the prevailing rate of wages paid to bricklayers in said town from June 9, 1932, up to and including the 31st day of March, 1933. On the hearing before the Industrial Commissioner resulting in the order of modification, petitioner attempted to introduce proof as to the prevailing rate of wages from and after said 9th day of June, 1932, but this was excluded.

It appears that before the Court of Appeals amended its remittitur the Commissioner had sought an opinion from the Attorney-General and an opinion had been rendered by him indicating that the investigation and modification requested should not relate to a date prior to March 31, 1933, the date of the application for modification, and that no order of modification should be retroactive to the detriment of intervening rights of the bricklayers employed by the petitioner. The hearing on the application for investigation and modification took place after amendment of said remittitur by the Court of Appeals.

The time to which such investigation should relate was not limited by the remittitur. The original order of May 18, 1932, related to the prevailing rate of wages on April 4, 1932. No determination as to the prevailing rate on and after that date and until March 31, 1933, has been made, and petitioner has not been permitted to introduce evidence as to the prevailing rate of wages between said dates.

Subdivision 9 of section 220 of the Labor Law provides in effect that the prevailing rate of wages as determined by order of the Commissioner shall continue to be paid until the order is modified, and subdivision 7 of said section permits the Commissioner, on his own initiative, and commands him on a verified complaint in

writing made by any person interested, to cause an investigation to be made to determine the prevailing rate of wages.

The statute, therefore, contemplates that any order determining the prevailing rate of wages may be modified. Nothing in the statute limits the right of an interested party at any time after an order is made determining the prevailing rate of wages to apply for a hearing and investigation and modification of said order upon facts showing a change in the prevailing rate. If the rate changed April 4, 1932, the date to which the original order related, the statute interposed no bar to such investigation and modification. In fairness and right the petitioner is entitled thereto. It is required to pay the prevailing rate of wages, but no more, and it should be entitled to show that at any time after the date to which the original order related there was a change in such prevailing rate.

The refusal of the Commissioner, therefore, to consider evidence bearing upon the prevailing rate of wages from June 9, 1932, to March 31, 1933, as requested by said petition, was erroneous.

The respondent argues, however, that the rights of bricklayers, employees of the petitioner on said project in said town, have intervened and become fixed and that, therefore, the order should not be modified in such way as to interfere with their accrued rights. It is true that by subdivision 8 of section 220 any person affected may, within three months after the service of notice of the filing of a final order, institute an action against the corporation violating the provisions of the act for the recovery of the difference between the sum actually paid and the amount which should have been paid as determined by said order. The question of the intervening rights of petitioner's employees as to accrued wages is not now before us. We consider merely the proposition whether petitioner, as against the respondent, is entitled upon presentation of proper facts to an order of modification as to the prevailing rate of wages.

The return of the Commissioner to the petition herein sets forth that the petitioner has refused at all times since the original order of the Commissioner of May 18, 1932, to pay to the bricklayers employed by it the prevailing rate of wages determined by said order. This disobedience is now urged by the respondent before us as a justification for the refusal of the Commissioner to consider proof as to the prevailing rate of wages prior to March 31, 1933. The statute does not authorize the Commissioner to decline to take action for any such reason. Its mandate is that upon a verified petition the Commissioner must make an investigation.

Lastly, the return of the Commissioner sets forth that the testimony excluded by the respondent was inadequate, incompetent and of no probative force. The record does not indicate the nature of the excluded evidence. The representative of the Indus-

trial Commissioner who conducted the hearing states: " I will be compelled to hold you and your evidence to March 31st [1933], or thereafter; to take evidence as of that date but not to go back after the rate was fixed by the Industrial Commissioner and confirmed by the various courts."

The reasons advanced by the respondent for the refusal of the relief sought are inadequate.

The determination in so far as complained of should be annulled and the matter remitted to the Commissioner for a hearing and determination as to the prevailing rate of wages between June 9, 1932, and March 31, 1933, with fifty dollars costs and disbursements to the petitioner.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Determination annulled in so far as indicated in the opinion, with fifty dollars costs and disbursements.