WILLIAM E. IPSMILLER, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, November 20, 1934.

*Maurice Breen,* for the plaintiff.

*Paul Windels, Corporation Counsel [ Nicholas Bucci, Assistant Corporation Counsel,* of counsel], for the defendant.

PARELLA, J.   In this action, plaintiff, employed as a cable splicer in the fire department of the city of New York, seeks to recover,

pursuant to section 220 of the Labor Law, the difference between the wages of ten dollars per day received by him and the alleged prevailing rate of wages of thirteen dollars and twenty cents in outside employment in the same occupation, covering the period from July 1, 1929, to December 31, 1929.

Under section 220 of the Labor Law, the city of New York must pay the mechanics in its employ the prevailing rate of wages. In effect, subdivision 5 thereof states that the prevailing rate of wage shall be the rate of wage paid in the locality to the majority of workmen in the same trade or occupation. In the event it be determined that there is not a majority in the same trade or occupation paid at the same rate, then the rate paid to the greater number in such trade shall be the prevailing rate providing such greater number constitutes at least forty per centum of the workmen or mechanics engaged in such trade or occupation; in the event there is less than forty per cent of the mechanics in the same occupation, in the same locality paid the same rate, then the average rate paid such workmen or mechanics shall be the prevailing rate. Under this section, as amended, the comptroller of the city of New York is granted jurisdiction to determine the prevailing rate of wages to be paid in any trade or occupation as it affects private employees engaged upon public work or city employees engaged in similar work. By subdivisions 7 and 8 thereof, the comptroller may, on his own initiative, and must upon the filing of a verified complaint of any person interested, determine the prevailing rate of wages, and in such investigation is deemed to be acting in a judicial capacity, and shall have the right to issue subpœnas, administer oaths and examine witnesses.

At trial, plaintiff, the only witness on his own behalf, testified that on November 18, 1929, he filed a verified claim with the comptroller, wherein he claimed the prevailing wages as cable splicer from February 1, 1929, on to be thirteen dollars and twenty cents per day although he had been paid but ten dollars per day. Plaintiff offered in evidence a report submitted by an examiner in the comptroller's office dated December 18, 1929, directed to the chief of the bureau of law and adjustment in the comptroller's office in response to the claim of the plaintiff and others and wherein was stated: " Effective February 1, 1929, the wages of electrical workers in the building trades were increased to thirteen dollars and twenty cents a day under a written agreement between the electrical contractors association and the electrical workers union." And because of this fact the city examiner recommended that the claims filed be settled and adjusted by fixing the prevailing rate for cable splicers employed by the city of New York at thirteen dollars and twenty

cents per day from February 1, 1929, to June 30, 1929, which recommendation was approved by the deputy comptroller on December 19, 1929, and thereafter the plaintiff did receive the difference due him on a prevailing rate of thirteen dollars and twenty cents per day from February 1, 1929, to June 30, 1929.

Plaintiff in this action, having rested his case and with no other proof, contends that the examiner's report of December eighteenth recommending a wage scale of thirteen dollars and twenty cents per day for cable splicers for the period from February 1, 1929, and approved by the deputy comptroller constitutes a determination by the comptroller of the prevailing rate within the meaning of the Labor Law and further urges that such rate is presumed to continue for the period covered by this action. It is undoubtedly true that if the comptroller had in fact determined the prevailing rate of wage as of June 30, 1929, such rate is presumed to continue. This presumption finds support in the recent authority, *Matter of Carder Realty Corporation* v. *Perkins* (237 App. Div. 152, 156; affd., 261 N. Y. 634). " The original rate having been established at thirteen dollars and twenty cents per day, that rate, in the absence of proof, is presumed to continue. This is in accordance with the common-law presumption that where the existence at one time of a certain condition or state of things of a continuing nature is shown, the general presumption arises that such condition or state continues to exist until the contrary is shown." This agreement with plaintiff's contention must arise as to the first premise that the examiner's report constitutes a prevailing rate determination. Although the examiner in his report does state that the contractors' association and the electrical workers' union by written agreement have made effective a wage scale of thirteen dollars and twenty cents a day, it is silent as to what percentage of employees in its calling in the city of New York are members of the union or how many persons in the trade were affected by the agreement; the plaintiff has not supplied this information and in the absence of such proof, the court cannot read or conclude therefrom that the majority of cable splicers in the city of New York or at least forty per cent of them were paid thirteen dollars and twenty cents per day or that the average rate of cable splicers as of June 30, 1929, was thirteen dollars and twenty cents per day. As was said in *People ex rel. Rolf* v. *Coler* (58 App. Div. 347, 350): " There was some evidence tending to show that a labor union had assumed to fix the rate of wages to be paid to dock builders in the city of New York; but this action of the labor union could only affect its members, and the evidence shows that its members did not include anything like the majority of the workmen."

The examiner's report is competent evidence and of probative value, but by itself and not supplemented does not constitute a determination of the question at issue. It may well be that the prevailing rate of wage of cable splicers in the city of New York as of June 30, 1929, and thereafter was in fact thirteen dollars and twenty cents per day and if that be so plaintiff is entitled to the difference in compensation of the city of New York on that basis. The immediate difficulty is that there is not now sufficient evidence in the case to reach this conclusion in view of subdivision 5 of section 220 of the Labor Law nor has the plaintiff herein shown a determination of wage rate under subdivision 7 or 8 of this section.

By reason of these conclusions, I am constrained to grant this motion to dismiss the complaint, without prejudice, however, to a new action and with further opportunity to the plaintiff to prove his claim.