### OERTEL CO. v. GLENN, Collector of Internal Revenue.
### No. 1827.

District Court, W. D. Kentucky.
Feb. 10, 1936.

Grover G. Sales and E. J. Wells, both of Louisville, Ky., for plaintiff.

Bunk Gardner, U. S. Atty., and Oldham Clarke, Asst. U. S. Atty., both of Louisville, Ky., Frank J. Wideman, Asst. Atty. Gen., and Andrew D. Sharpe and Courtnay C. Hamilton, Sp. Assts. to the Atty. Gen., for defendant.

HAMILTON, District Judge.

This case is submitted on demurrer to plaintiff's petition. It is a suit against the collector of internal revenue by the Oertel Company, a corporation, to recover an alleged overpayment of income and excess profits taxes for the calendar year 1933. In substance, the action grows out of the following facts:

On July 13, 1933, the plaintiff filed with the collector its capital stock tax return

for the year ending June 30, 1933, showing the total value of its outstanding capital stock to be $78,104.84, which was its book value.

On September 1, 1933, before the time had expired for filing the return for the current year to correct an oversight and a mistake in the original, the plaintiff filed with the collector a corrected return, and showed thereon the value of its capital stock to be $828,104.84, determined by capitalization of earnings and including intangibles not on the books. With the filing of this return, the plaintiff paid to the defendant collector $750 capital stock tax. The Commissioner of Internal Revenue subsequently rejected the corrected return and refunded to the plaintiff the $750, on the ground that no correction was permitted under the law after original filing.

For the calendar year 1933, and before March 15, 1934, the plaintiff filed with the defendant collector of internal revenue its income and excess profits tax return showing thereon an income tax due of $12,754.44 and excess profits tax of $4,149.82, which amounts were subsequently paid under protest. Afterwards, on an audit and review, the Commissioner of Internal Revenue increased the excess profits tax $40.78, which was also paid to the defendant. Within the statutory time, the plaintiff filed with the Commissioner a claim for refund of $4,356.07 income and excess profits taxes which it claimed were overpaid for the year 1933. This claim was rejected on July 3, 1935. The value of the capital stock declared in the original return was so understated as to constitute no declaration of value in fact.

On the pleadings the plaintiff is entitled to judgment for the sum claimed, unless the statute prohibits the correction of errors and mistakes in the original return.

Under the National Industrial Recovery Act, c. 90, 48 Stat. 195, 207, § 215 (a); see 26 U.S.C.A. c. 18B, § 1358 (a), for each year ending June 30, an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock is levied on every domestic corporation with respect to carrying on or doing business for any part of the year. The taxpayer is required under the act to make a return within one month after the close of the year with respect to which the tax is imposed. However, for the year here involved, the time for filing was extended to September 29, 1933.

Section 215 (f) of the act, 48 Stat. 208, provides: "For the first year ending June 30 in respect of which a tax is imposed by this section upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended), as of the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section (or as of the date of organization in the case of a corporation having no income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section)."

The defendant contends that the act measures the tax on the adjusted declared value of the capital stock, as declared by the corporation in its first return. It further provides such declaration of value cannot be subsequently amended; therefore a mistake, if made, cannot be corrected.

The plaintiff contends that the act does not permit an arbitrary declaration of value by the taxpayer, and, if the declared value in the original return is untrue, it may be corrected, especially if the amended return is filed before the closing date.

Section 216 (a) of the act 48 Stat. 208 provides that there shall be levied and assessed against a corporation an excess profits tax equivalent to 5 per centum of such portion of its net income for such income taxable year as is in excess of 12½ per centum of the adjusted declared value of the corporation's capital stock. If the plaintiff in this case is permitted to deduct 12½ per centum of the declared value of its capital stock as shown on its corrected capital stock tax return, it owes no excess profits tax for the calendar year 1933, but, if the deduction is limited to the declared value in the original capital stock tax return, it owes the entire sum.

The issue here turns on the proper construction of the following phrase in section 215 (f): "The adjusted declared value shall be the value as declared by the corporation in its first return under this section (which declaration of value cannot be amended)."

To justify a tax, the necessary basis of fact must exist to invoke the taxing power to impose it. The Congress can make law apply to the facts; it cannot make facts apply to the law; nor can it delegate power to a taxpayer to do so. Many things are immutable and one is a fact; there is no power to change it. Disputes often arise as to what constitutes a fact, but the truth itself is indisputable.

The act here in question measures the tax according to the value of the capital stock of the corporation. The taxpayer is authorized under the provisions of the act to declare the value, but this cannot be arbitrarily done; there must be a basis in fact for its conclusion. If the statute authorizes an arbitrary determination, it would be void for uncertainty. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the Fifth Amendment. Connally v. General Construction Company, 269 U.S. 385, 395, 46 S. Ct. 126, 70 L.Ed. 322; International Harvester Company v. Kentucky, 234 U.S. 216, 221, 34 S.Ct. 853, 58 L.Ed. 1284; Collins v. Kentucky, 234 U.S. 634, 638, 34 S.Ct. 924, 58 L.Ed. 1510; United States v. L. Cohen Grocery Co., 255 U.S. 81, 92, 41 S.Ct. 298, 65 L.Ed. 516, 14 A.L.R. 1045.

If the above statute is construed as contended by the defendant, that the taxpayer can fix and declare the value of its capital stock regardless of underlying facts, it is void. If "value" as used in the act is given its ordinary and accepted meaning in the sense there used, it is a valid exercise of taxing power. Its dictionary meaning is: "To estimate the value, or worth, of; to rate at a certain price; to appraise; to reckon with respect to number, power, importance, etc.; * * * to compute; rate; appraise; esteem; respect; regard; estimate; prize; appreciate."

Using book value as a measure of capital stock of a corporation is clearly fallacious. This method assumes that only such value can be obtained on liquidation, and further that that is its present value. The value of shares in a commercial or manufacturing company depends chiefly on what it will earn, which usually is without reference to balance sheet values. "Value" is the price a willing purchaser, not compelled to buy, will pay a willing seller, not compelled to sell. It is what people will pay for shares, given as wide an opportunity for bidders to come in as is reasonably possible, and this can be determined by taking into consideration various factors such as earnings, contracts, patents, and physical assets.

"Neither the value of property (whether 'actual cash' or 'just and true') nor yet its 'valuation' is a determined factor, like the length of a yard-stick or the weight of a minted coin * * * and though property can have but one value at one and the same time, determinable as it is by varied conditions of time and place and the state of the money market, and which neither the assessors nor the lawmakers can fix or change by mere declarations, there may be, and frequently are, as many estimates, or valuations, of that value as there are individuals who are called on to express their opinions upon the subject." Soniat v. Board of State Affairs, 146 La. 450, 83 So. 760, 763.

A naked valuation is an anomaly in tax law. Eldridge v. City of Bellingham, 106 Wash. 96, 179 P. 109, 113.

By "value" is meant, not what the thing is worth to the owner, but the price it would bring in open market. People v. Gilbert, 163 Mich. 511, 128 N.W. 756, 757, Ann.Cas. 1912A, 894.

If the act here in question is construed to raise a conclusive presumption that the tax is to be levied on the declared value of the taxpayer, regardless of the actual value, it is violative of the Fifth Amendment. Bailey v. Alabama, 219 U.S. 219, 250, 31 S. Ct. 145, 55 L.Ed. 191; McFarland v. American Sugar Refining Co., 241 U.S. 79, 86, 36 S.Ct. 498, 60 L.Ed. 899.

In the Senate Committee's Conference Report on the act here involved, it is said that the purpose of permitting and requiring the corporation to declare the value of its capital stock was (a) to insure a reasonable value because of its effect on excess profits tax; (b) to make it automatic; (c) to prohibit a subsequent change in value after the return was filed. There is no election given the taxpayer in the act to do one of two things. It is required to determine the value of the stock, and the principle of election can have no application to the construction of the act here under consideration.

The whole theory of the act is to measure the tax by value, which impliedly requires it to be determined according to the facts. No question of estoppel can arise until after the determination of excess profits tax liability. Estoppel ordinarily proceeds upon principles which prevent one from denying the truth of statements upon which others have acted, where the denial has the effect to mislead them to their prejudice. In this case the United States is undertaking to assess and collect its revenues by statutory proceedings duly provided for that purpose, and it seems to be elementary that such enforcement of assessment and collection must depend upon a valid determination of primary facts, and, if the determination flows from the opinion of

some individual regardless of the truth of the matter, it is not a proper exercise of the taxing power.

The facts appearing in these proceedings show that there was no proper determination of the value of the capital stock as declared by the plaintiff in its original return, and it further appears that the amended return was filed before excess profits tax liability had accrued. I am of the opinion that the mistake alleged to have been made in the preparation of the original return is one that can be corrected by an amended return if filed before an excess profits tax return is due.

The demurrer to the petition will be overruled.