**WM. B. SCAIFE & SONS CO. v. DRISCOLL, Collector of Internal Revenue.**

**No. 3253.**

District Court, W. D. Pennsylvania.

March 12, 1937.

J. M. Magee and E. W. Arthur, both of Pittsburgh, Pa., for plaintiff.

Chas. F. Uhl, U. S. Atty., and Orris Bennett, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action in equity, wherein plaintiff is seeking to have a taxing act of Congress declared unconstitutional, or in lieu of that, to enjoin the Collector of Internal Revenue from refusing to accept an amended capital stock return from plaintiff, and from refusing to compute its taxes on such amended return.

The defendant has moved to dismiss the bill on the following grounds:

(1) The bill fails to state a cause of action cognizable in equity.

(2) No case or controversy is presented within the power of the federal courts.

(3) The plaintiff has an adequate remedy at law.

Since this motion, plaintiff has amended its bill of complaint by striking part of paragraph 9 in relation to its averments as to the unconstitutionality of the taxing act and

amending its prayer for relief, by striking out its prayer for relief against the Commissioner of Internal Revenue, and substituting a prayer for relief against the defendant as Collector of Internal Revenue.

The facts stated in the bill of complaint may be briefly summarized as follows:

Plaintiff corporation, on July 29, 1936, filed with defendant, as Collector of Internal Revenue, a capital stock tax return, valuing its capital stock at $600,000, and paid $600, the tax due on that valuation.

September 4, 1936, plaintiff tendered a second return valuing its capital stock at $1,000,000, and tendered a check for $400 in payment of the additional tax liability shown on this second return. The Collector declined to accept this return, and the accompanying check, returning them to plaintiff. On September 14, 1936, the plaintiff again tendered this second return to Collector, and also the check for $400. The Collector sent them to the Commissioner of Internal Revenue, who approved the action of the Collector in rejecting this second return. The Commissioner returned to plaintiff the check of $400, but retained the second return as an office record.

On these facts the plaintiff seeks to have the second return filed as an amended return, and its check for $400 accepted in payment of its tax liability, by asking that the Collector be enjoined from refusing to accept. For further relief, the plaintiff asks that the taxing act be declared unconstitutional. The taxing act involved in this suit is the Revenue Act of 1935, c. 829, 49 Stat. 1014. The applicable section (section 105, 49 Stat. 1017, as amended by Act June 22, 1936, § 401, 49 Stat. 1733 (26 U.S.C.A. § 1358a) is as follows:

"Sec. 105. Capital stock tax

"(d) Every corporation liable for tax under this section shall make a return under oath within one month after the close of the year with respect to which such tax is imposed to the collector for the district in which is located its principal place of business or, if it has no principal place of business in the United States, then to the collector at Baltimore, Maryland. Such return shall contain such information and be made in such manner as the Commissioner with the approval of the Secretary may by regulations prescribe. The tax shall, without assessment by the Commissioner or notice from the collector, be due and payable to the collector before the expiration of the period for filing the return. If the tax is not paid when due, there shall be added as part of the tax interest at the rate of 6 per centum per annum from the time when the tax became due until paid. * * *

"(f) For the first year ending June 30, in respect of which a tax is imposed by this section upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended), as of the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section (or as of the date of organization in the case of a corporation having no income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section."

█ As to the constitutionality of the law, this proceeding we regard as one for a declaratory judgment of this court as to the constitutionality of the act which requires a capital stock tax to be paid on a return filed by a corporation. We are precluded from taking jurisdiction under the declaratory judgment act of cases involving Federal taxation. Judicial Code § 274d (28 U.S.C.A. § 400).

█ This would preclude any further consideration of the case, but for the alternative relief prayed for, i. e., an injunction to restrain the defendant, as collector, from refusing to accept the second return.

As we view the law, the plaintiff was denied the right to amend the declaration of value contained in its first return under the act. See section 105(f), Revenue Act 1935, as amended by Act June 22, 1936, § 401 (26 U.S.C.A. § 1358a(f); above quoted. Therefore the Collector could not have accepted the second or amended return, and the court would have no power to enjoin him from persisting in his refusal. What the plaintiff is really seeking to accomplish is to get this second return filed, to be used as a basis of computing its excess-profits tax laid under section 106 of the Revenue Act of 1935, 49 Stat. 1019, as amended by Act June 22, 1936, § 402(a), 49 Stat. 1733 (26 U.S.C.A. § 342), and thus getting a lower tax than as though the computation were made on the basis of the first return. It is, therefore, a suit to restrain the assessment and collection of the excess-profits taxes. Such a suit cannot be maintained. Section 3224, Revised Statutes (26 U.S.C.

A. § 1543), provides: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

As we look at this case, the plaintiff has an adequate remedy at law for the recovery of any taxes it may be compelled to pay, based on a computation made upon the capital stock value given by the plaintiff in its first return rather than its second return. The case of Oertel Co. v. Glenn (D.C.) 13 F.Supp. 651, is an example of such a suit at law, brought to recover excess-profits taxes paid under similar provisions of the act of 1933.

An order may be submitted for the dismissal of plaintiff's bill.