**WILLIAM B. SCAIFE & SONS CO. v. DRISCOLL, Collector of Internal Revenue.**

No. 6475.

Circuit Court of Appeals, Third Circuit.

Nov. 10, 1937.

Edmund W. Arthur and J. M. Magee, both of Pittsburgh, Pa., for appellant.

James W. Morris, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., Paul S. McMahon, of Washington, D. C., and Charles F. Uhl, U. S. Atty., and Orris Bennett, Special Asst. to U. S. Atty., both of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and WATSON, District Judge.

BIGGS, Circuit Judge.

Upon July 29, 1936, the appellant, a manufacturing corporation doing business in a suburb of Pittsburgh, filed with the collector of internal revenue at Pittsburgh its capital stock return to serve as a basis for capital stock tax and excess profits tax, in which the value of the appellant's capital stock was stated by it to be $600,000. On the 3rd day of September, 1936, according to the allegations of the bill of complaint, it was discovered by the appellant's officers that the statement of valuation made upon the return referred to was incorrect "due to an inadvertent error on the part of the complainant's (appellant's) officer who made up and filed the return." When the error was discovered, an amended return showing the value of the capital stock of the appellant in a correct figure, $1,000,000, was prepared and transmitted to the collector with the request that the amended return be accepted and filed in lieu of the original return. This the collector refused to do. The Commissioner of Internal Revenue has supported the refusal of the collector to file the amended return. All of these facts appear from the bill of complaint which was filed by the appellant against the collector in the District Court of the United States for the Western District of Pennsylvania, and, since a motion to dismiss was filed, we must treat all pertinent allegations of the bill of complaint as true.

The bill of complaint prays alternative relief: First, that the taxing act be declared unconstitutional, or, in the alternative, that the collector be enjoined from refusing the amended return in lieu of the original return and, to quote from the prayers of the amended bill, "from refusing hereafter to accept and file returns for taxation under (the) Act of Congress known as the Revenue Act of 1935, and payment of taxes made and computed by the complainant upon the basis of the declared value, $1,000,000."

The applicable section of the Revenue Act of 1935, c. 829, § 105, 49 Stat. 1017, 26 U.S.C.A. § 1358a, is as follows:

"Sec. 105. *Capital Stock Tax.* * * *

"(d) Every corporation liable for tax under this section shall make a return under oath within one month after the close of the year with respect to which such tax is imposed to the collector for the district in which is located its principal place of business or, if it has no principal place of business in the United States, then to the collector at Baltimore, Maryland. Such return shall contain such information and be made in such manner as the Commissioner with the approval of the Secretary may by regulations prescribe. The tax shall, without assessment by the Commissioner or notice from the collector, be due and payable to the collector before the expiration of the period for filing the return. If the tax is not paid when due, there shall be added as part of the tax interest at the rate of 6 per centum per annum from the time when the tax became due until paid. * * *

"(f) For the first year ending June 30 in respect of which a tax is imposed by this section upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended), as of the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section (or as of the date of organization in the case of a corporation having no income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section."

Upon the question of constitutionality of the statute, the learned trial judge

666

held that the proceeding must be regarded as one for a declaratory judgment. In our opinion his ruling was correct. By an Act of June 14, 1934, c. 512, 48 Stat. 955, Jud.Code, § 274d, 28 U.S.C.A. § 400 and note, Congress authorized the finding of declaratory judgments in certain types of cases in the federal courts. Whatever would have been the status of the case at bar under the original Declaratory Judgment Act, a subsequent Act of Congress of August 30, 1935, c. 829, 49 Stat. 1027, § 405, 28 U.S.C.A. § 400, specifically excluded questions of federal taxation from the operation of the Declaratory Judgment Act.

■ The appellant also urges that the collector by injunction must be compelled to accept and file the second return and taxes based thereon, but we cannot persuade ourselves that this contention is correct. The statute declares that the declaration of value contained in the first return cannot be amended. This language is plain, and it means what it says. Therefore the collector possesses no power to accept and file the amended return in lieu of the original return. It follows that no power lies in any court to enjoin the collector from a refusal to accept a return, when that refusal is in accordance with the law.

■ In our opinion, as stated by the learned District Judge, the appellant is seeking to procure the filing of the amended return so that it may be used as a basis of computing the excess profits tax laid under section 106 of the Revenue Act of 1935, 26 U.S.C.A. § 342. If the appellant can succeed in this purpose, the tax thus assessed will be smaller in amount than that which would be assessed upon the basis of the first return. The suit at bar therefore is in reality one to restrain the assessment and collection of a tax. Such a suit cannot be maintained in view of the provisions of section 3224 of the Revised Statutes, 26 U.S.C.A. § 1543, that; "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

■ We are also of the opinion that the appellant has an adequate remedy at law. That remedy consists of a suit at law to recover any part of sums unlawfully collected by the United States. Our conclusion is based upon an examination of section 106 (c) of the Revenue Act of 1935, 26 U.S.C.A. § 342(c), which provides that all provisions of law applicable in

respect to taxes imposed by title 2 of the Revenue Act of 1934, as amended, shall "be applicable in respect of the tax imposed by this section." See Oertel Co. v. Glenn, D.C., 13 F.Supp. 651, in which statutory provisions of a similar nature have been construed.

Perceiving no error in the record of this cause, the order of the court below, dismissing the bill of complaint, is affirmed.