CHICAGO TELEPHONE SUPPLY CO. v. UNITED STATES.

No. 43657.

Court of Claims.

May 31, 1938.

Edward J. Metzdorf, of Chicago, Ill. (Myron D. Frantz and Dillon R. Brown, both of Chicago, Ill., on the brief), for plaintiff.

George H. Foster, of Chicago, Ill., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the briefs), for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The facts stated in the petition and admitted by the demurrer may be summarized as follows:

Plaintiff is a corporation organized under the laws of the State of Indiana, with its principal place of business at Elkhart, Indiana. For the taxable year 1934 plaintiff paid taxes in the amount of $19,791.55, the last payment being made December 15, 1935. Of this amount, $3,238.86 represented excess-profits tax. This latter amount was computed pursuant to sections 701 and 702 of the Revenue Act of 1934, 26 U.S. C.A. §§ 1358, 341, based upon a declared value of capital stock of $444,847.99. This declaration of value was made by the plaintiff in its capital stock tax return for the year ended June 30, 1934, pursuant to section 701 of the Revenue Act of 1934, 26 U.S.C.A. § 1358. The excess-profits tax was computed pursuant to section 702 of the Revenue Act of 1934, 26 U.S.C.A. § 341, as 5 per cent of the income in excess of 12½ per cent of the declared value of capital stock. The actual value of plaintiff's capital stock for the year concerned was in excess of $2,000,000.

February 15, 1937, plaintiff filed a claim for refund of the excess-profits taxes so paid, alleging that the statute under which the tax was collected was unconstitutional for the same reasons which are now presented in the argument of the plaintiff and considered further on in the opinion of the court. This claim was rejected April 8, 1937.

Defendant demurs to the petition on the ground that it does not state a cause of action.

This suit involves the capital stock and excess-profits taxes imposed by sections 701 and 702 of the Revenue Act of 1934. Subdivision (a) of section 701 imposed upon a domestic corporation an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock.

Subdivision (f) of the same section provided that for the first year ending June 30, 1934, "the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended), as of the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section." There is also a provision as

to subsequent years which does not have application to any controversy in this case.

Section 702 (a) imposes upon the net income taxable under section 701, "an excess-profits tax equivalent to 5 per centum of such portion of its net income for such income-tax taxable year as is in excess of 12½ per centum of the adjusted declared value of its capital stock * * *."

It will be observed that under the statute the levy of the tax on capital stock is based on its declared value and this declared value in turn becomes the basis for the levy of the excess-profits tax. Plaintiff contends that the imposition of a tax based on the declared value rather than the actual value is arbitrary and void for uncertainty and in violation of the Fifth Amendment of the Constitution, U.S.C.A.Const. Amend. 5. In argument it is said that the statute raises a conclusive presumption that the declared value is the actual value; or, in the alternative, that if it does not raise a conclusive presumption, the taxpayer is liable only for such excess-profits tax as would be due based on the actual value and the imposition on any other basis is void for uncertainty.

The form of the statute is novel and somewhat peculiar. It will be observed that the excess-profits tax is 5 per cent upon such portion of the net income of the corporation as is in excess of 12½ per cent. of the adjusted declared value of its capital stock. In other words, it is a tax on the net profits which exceed 12½ per cent of the value of the capital stock as declared. It is plain that an increase in the declared value of the capital stock increases the amount of the tax thereon, but it is equally clear that under the provisions of the law an increase in the value of the capital stock lowers the amount of excess-profits taxes. In other words, the higher the declared value of the capital stock the lower will be the excess-profits taxes, and the lower the declared value the higher will be the excess-profits tax. In framing this act it is evident that Congress and its advisers had in view the great difficulty of ascertaining correctly the value of capital stock. In order to avoid this difficult question, the taxpayer was permitted to fix the value, but this declared value is to be taken as the basis of the excess-profits tax.

Plaintiff argues (1) that the meaning of the word "value" in section 701 is "actual value," and the provision of the statute that the "declaration of value cannot be amended" is limited to the range of permissible discretion in the estimation of actual value and does not preclude an amendment of a declaration of value which is untrue and substantially incorrect, and that if otherwise construed it would create a conclusive presumption in violation of the Fifth Amendment of the Federal Constitution, U.S.C.A.Const. Amend. 5. Also (2) that if the phrase "declared value" be construed to mean a declaration of value irrespective of the actual value, as contended by the government, then the basis of the tax is fictitious and sections 701 and 702 of the act are in contravention of the Constitution and the Fifth Amendment because (a) either they deprive the taxpayer of its property without due process of law through a tax assessment based on an arbitrary declaration of value; or (b) they delegate legislative power to private persons without prescribing standards for its exercise. Summarized, plaintiff's contention is that the statute should be so construed that the taxpayer is liable only for such excess-profits taxes as would be based on the actual value of its capital stock, and that if the tax is imposed on any other basis it is purely arbitrary and void. It is further contended that the statute may be properly construed so as to permit an amendment of the statutory declaration of value to show the actual value, and that such a construction is justified under the rule that the courts will not hold a statute unconstitutional if a construction can fairly be given it which would be constitutional.

As to this last contention, in our opinion, the statute is so plain and definite in forbidding amendment of the declaration that to place any other construction upon it would not express the intention of Congress but merely engraft or create a new provision. Webster Co. v. Commissioner, 37 B. T.A. 800, decided May 5, 1938.

We think the constitutionality of the act depends on whether its provisions with reference to the value which is made the basis of the tax are so arbitrary as to deprive the plaintiff of its property without due process of law. The value declared by the plaintiff was for the taxable year 1934 and the plaintiff was permitted to fix the value of the stock for this year which the statute prescribed should end on June 30th. In the case of ordinary property taxes levied by a State, the taxpayer in the first instance usually makes a return of the property without putting any value thereon.

474

The State then fixes the value and applies the tax. In such cases the taxpayer has the right to contest the value fixed by the State by presenting what he claims to be the actual value and offering proof in support of it. In the instant case the Government does not fix the value of the property but grants to the taxpayer the privilege of stating a value which must be accepted by the Government and thereafter held conclusive. The plaintiff alleges in substance in the petition that if the return for the year 1934 had been calculated on the basis of its actual capital stock value there would have been no excess-profits tax for that year. In other words, the allegation is that the value which plaintiff declared was not the real value and when the real value is used as the basis of the calculation it will be found that no excess-profits tax was due. We do not think this situation was brought about by any arbitrary provision of the statute. The plaintiff must have known the real value, or at least could have easily ascertained it. It could have declared the real value but it elected of its own free will to state a fictitious or erroneous value. It seems to us that the position in which it now finds itself is entirely its own fault. The Government did not create this situation; it came into existence through plaintiff's election and as plaintiff had full opportunity to avoid it in the first instance we do not think the statute is arbitrary in now refusing permission to change the valuation deliberately set out in the return.

The case of Oertel Co. v. Glenn, D. C., 13 F.Supp. 651, 653, is cited by plaintiff in support of the contention that the word "value" as used in section 701(f) means "actual value," that if the statute be construed to preclude amendment of the declaration of value it would create a conclusive presumption that the value so declared was correct although the actual fact is otherwise, and that this would be in violation of the Fifth Amendment. The facts in the cited case were not quite the same as in the one before us, as in that case the taxpayer, before the time expired for filing the return on capital stock, sought to amend it. There are, however, some principles stated in the opinion which, if correct, would result in a decision in favor of the plaintiff in the instant case. The district court ruled in effect that the value referred to in the statute is the "actual value" and that if the declaration of value can not be amended to show the real value, the statute raises a conclusive presumption that an incorrect value stated in the declaration shall be used as the measure of the tax, and if the statute were so construed it would be in violation of the Fifth Amendment. The court therefore held that the declaration of stock value might be amended. This construction, as it seems to us, has the practical effect of striking out the provision that the declaration can not be amended. It permits the taxpayer to increase or diminish the value to be taken for the stock and fix it at such an amount as would result in the lowest tax to be paid. This, we think, is contrary to the fundamental purposes of the law, one of which, as we view it, was to prevent the taxpayer from setting the stock value at the point that would yield the Government least, regardless of what its real value might be. Such a construction would not only work to the prejudice of the Government but would operate very inequitably and unfairly as applied to different taxpayers, some of whom could use this construction to their advantage while others could not.

We do not think for the first year the declaration is made that any question of presumption arises. The taxpayer either knows or can ascertain the value of the stock, is given an opportunity to go over all matters which may affect its value, and after full consideration to make the declaration thereof. It can not be said that the value is fixed without any evidence or without giving the taxpayer an opportunity to be heard. After having been given an opportunity to consider all matters which would affect the value of the stock, the taxpayer makes the declaration of value and it is proper that the Government should receive it as evidence and accept it. The refusal of permission to amend the declaration is not based on any presumption, but upon the right to refuse the taxpayer any further hearing after having once been given a full and fair opportunity to ascertain and state the value of the stock. If we are correct in this, then it follows that the provision of the statute, while it may be over-rigid, is not unconstitutional. Limitations placed upon the plaintiff or taxpayer to present its case after once having been given a full opportunity are often made and if not so unreasonable as to be purely arbitrary, will be sustained.

It will be observed in this connection that the taxpayer in the instant case makes no excuse and gives no reason for having

made a declaration which it now says is very far from the real fact. By making this alleged undervaluation of the stock, the plaintiff obtained a lower assessment thereon and paid a smaller capital stock tax. Now having found that this low valuation will so increase the excess-profits tax as not to be to its advantage, the plaintiff claims the right to change it. We think in addition to the matters hereinabove stated, the taxpayer should be held to have made an election with full knowledge of the facts and that it would now be inequitable to permit amendment. See cases cited in note to Pacific National Co. v. Welch, 58 S.Ct. 857, 82 L.Ed. ——, decided by the Supreme Court May 2, 1938. In this case, under somewhat similar circumstances, the taxpayer was held to have made an election. See also Paul and Mertens on Law of Federal Income Taxation, sec. 53.05, in which examples are given of instances where the taxpayer is held to have made an election and it is said:

"In an election the individual chooses a particular course, and having signified his choice, he is bound thereafter to follow the path he has consciously chosen."

■ The 1934 act amending the previous statute provided for a new declaration of value to be made before July 31, 1934, for that year. The taxpayer, as before stated, was permitted to fix this value but the statute provided that no change could afterwards be made; that is, the declared value applied not only to the year for which it was made but to all subsequent years. The petition alleges that the plaintiff filed its declaration of value for 1934 but does not state the date. Presumably it was filed in the latter part of July of that year in accordance with the statute. At that time no one had a better if as good an opportunity to judge of the value of the capital stock as the taxpayer and it does not seem to us that there was ground for complaint in providing that its declaration should be final for that year.

■ If the case now before us were one in which the value taken for assessment was made in a declaration for a previous year, a very different situation would be presented. It might then well be argued that the statute conclusively presumed that the value stated for another year should be taken as the basis of the taxable year and that this was purely arbitrary, for the vicissitudes of business are such that in all probability the value taken for the taxable year

would not be correct; also that it was arbitrary in another respect in that the taxpayer had no opportunity to make a correct determination of the fair value of the stock. In such a case he is compelled to make his statement more than a year in advance and not only could not know what the value would be during the taxable year, but has no basis for making any kind of a reasonable estimate as to what its value would be for that year. His statement at best would seem to be merely a guess or a supposition. In some cases the deductions required by the adjustments for a subsequent year, particularly in case of "property being distributed in liquidation to shareholders," might even go so far as to reduce the "adjusted declared value" to zero and make all of the earnings of the company subject to excess-profits taxes, although the actual net earnings were only two or three per cent.

We have no occasion, however, to rule on the validity of the statute when the declaration of value for 1934 is used for the year 1935, as that is not the case before us; and even if the statute should be unconstitutional when the declared value is used for assessing the excess-profits tax for subsequent years we think the part thereof which applies to the year when the valuation was declared can be separated from the remainder of the statute and held valid.

■ We do not overlook the fact that the declaration of value made for the purpose of assessing the capital stock tax for the year ending June 30, 1934, is made the basis of the excess-profits tax for the calendar year 1934, and while there is no claim that the value of the stock changed materially in the latter part of the calendar year it may be contended that plaintiff was unable to tell what its value would be in the closing months thereof. If the statute were held unconstitutional by reason of this matter, it would be in effect a holding that the Government could not base its excess-profits tax on the value of the stock as fixed by anything except a composite of its value for all of the months of the year. We think this does not follow. The Government had the right to fix the date when the return should be made of the value of the stock and we see nothing arbitrary in taking the value then declared and using it as a basis for assessing the excess-profits tax for the calendar year. It may not have resulted in a very accurate valuation if the whole year is considered, but taxes are not

required to be imposed upon an absolutely accurate basis nor can they always be framed so as to work out with perfect equality.

Some cases are cited by plaintiff to show that Congress can not delegate the power or authority to make laws, but no such powers were delegated by the statute under consideration. When the taxpayer was given the opportunity to fix the basis of the tax, its declaration of value of the stock was merely a statement of fact and we think the cases cited to support plaintiff's contention have no application. It is urged that no guide or method was prescribed for the taxpayer in making the declaration of value, but we see no necessity for a guide or a method for making a statement of fact by one who is in possession of full information with reference to the subject.

The constitutional question arising in the case is not free from doubt, but when only a doubt appears we are required to resolve that doubt in favor of the validity of the statute. Our conclusion is that the demurrer must be sustained. It is therefore ordered that plaintiff's petition be dismissed.