## ROSOFF TUNNEL CORPORATION v. HIGGINS.

District Court, S. D. New York.
Dec. 7, 1938.

Freedman & Greenberg, of New York City, for plaintiff.

Lamar Hardy, of New York City (Charles J. Nager, of New York City, of counsel), for defendant.

CONGER, District Judge.

This is a motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action; and to dismiss the third cause of action on the ground that the Court has not jurisdiction of the subject matter thereof.

The plaintiff does not oppose this motion to dismiss the third cause of action; therefore, the only question is as to the sufficiency of the complaint.

Plaintiff's contention is that Section 105 of the Revenue Act of 1935, as amended, 26 U.S.C.A. § 1358a, does not preclude the filing of an amended return under the circumstances here or, if it does preclude such filing, then the Act is unconstitutional and in violation of the Fifth Amendment of the United States Constitution, U.S.C.A.

Plaintiff, a New York corporation, filed with the defendant its return of capital stock tax for the year ending June 30, 1936, setting forth therein, a declared value of its entire capital stock of $2,500,000 on which it computed a capital stock tax of $2,500 which it paid. At the time of filing said return, plaintiff's chief asset consisted of a contract with the Department of Sanitation of the City of New York for the construction of certain sewers, the prospective profits from which plaintiff based in part, its declared value aforesaid. The performance of this contract resulted in an unanticipated substantial loss to plaintiff, as a result of which it filed a claim for refund of the capital stock tax so paid, on or about November 19, 1937, claiming that its original declared value was erroneous.

This claim was rejected. On or about November 19, 1937, or about sixteen months after filing its original return, plaintiff filed with defendant an amended return of capital stock tax for the year ending June 30, 1936, in which it set forth that its capital stock had no declared value and that there was therefore no tax due. This amended return was rejected by the defendant.

Section 105 of the Revenue Act of 1935, as amended, 26 U.S.C.A. § 1358a, provides in part as follows:

"Capital stock tax (a) For each year ending June 30, beginning with the year

ending June 30, 1936, there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock."

Section 105 of the Revenue Act of 1935, supra, provides further, as follows: "(f) For the first year ending June 30 in respect of which a tax is imposed by this section upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended), as of the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section * * *. For any subsequent year ending June 30, the adjusted declared value in the case of a domestic corporation shall be the original declared value plus * * *."

Section 106 of the Revenue Act of 1935, as amended, 26 U.S.C.A. § 342 note, imposes an excess profits tax, and provides in part as follows: (b) "The adjusted declared value shall be determined as provided in section 105 [1358a] as of the close of the preceding income-tax taxable year * * *."

From a reading of the two statutes above cited, it will be seen that the levy of the tax on the capital stock is based upon its declared value and this in turn becomes the basis for levying the excess profits tax. Plaintiff contends that the imposition of such a tax based on the declared value is in contravention of the Fifth Amendment of the United States Constitution because it deprives the taxpayer of its property without due process of law through a tax assessment based on an arbitrary declaration of value, which, it is alleged, is unreasonable in this case.

The Court is of the opinion that the imposition of the capital stock tax in this case is not based upon an arbitrary declaration of value, but that the taxpayer plaintiff had ample opportunity to make a correct and reasonable determination of the fair value of the capital stock of its corporation.

Plaintiff filed its declaration of value on or about July 30, 1936. At that time no one had a better if as good an opportunity to judge of the value of the capital stock as the taxpayer plaintiff, and it is the taxpayer's privilege to state a value which must be accepted by the Government, and thereafter held conclusive. True, it may not have resulted in a very accurate valuation, but taxes are not required to be imposed upon an absolutely accurate basis nor can they always be framed so as to work out with perfect equality.

Plaintiff's contention that it was compelled to fix the declared value at a time when it had no knowledge as to the actual value of the stock, is unfounded. Regulations 64, Article 21 (1936 Edition), relating to the Capital Stock Tax under Section 105 of the Revenue Act of 1935, provide in part, that: "(i) The term 'original declared value' means the value of the capital stock of a domestic corporation, * * * as declared by the corporation in its first return for its first taxable year."

A cursory reading of the above regulation in connection with the statutes in question, reveals the fact that, by "original declared value", is not meant necessarily the actual value of the capital stock, but the value of the capital stock as declared by the corporation in its first return for the first taxable year.

From the papers and exhibits submitted, the Court is of the opinion that this declaration of value was not arbitrary. It is elementary in the business world, that business men every day must commit themselves upon the future prospects and anticipatory profits of their businesses. They are called upon to estimate the demands, the whims, and the hazards of the trade; and the common experience of men, as shown by the majority of successes, has proven that, on the whole, these estimates have been correct.

Coming down to the instant case, it is logical to assume that this plaintiff, having experience in the business of engineering construction, used its past experience and knowledge in ascertaining the amount which it would bid upon the contract on which it is alleged to have suffered a substantial loss. In other words, that bid must have had some basis in fact, it must have been reasonable in the mind of the plaintiffs' officers, and it must have been within the contemplation of the plaintiff to make a profit, based upon reason. The determination of that bid was therefore not arbitrary; it was, on the other hand, based upon reason and was determinable with reasonable certainty in the light of the past experience of the taxpayer. Suffice it to say that plaintiff presumably would not have placed its bid on the construction

882

work unless it believed that said bid was reasonable, based upon reason, and not merely an arbitrary declaration.

Presumptively, in declaring its value, plaintiff considered the value of its assets, of which this contract with the City of New York was the chief one.

The Court is of the opinion that this plaintiff, having once filed a declaration of value, based upon tangible facts which it believed to be reasonable, is now estopped to deny its reasonableness and its value. I am convinced that this plaintiff, whose judgment and consideration prompted the amount of its bid on this work aforesaid, and which it considered reasonable and determinable with a fair degree of certainty, cannot now contend that this declaration of value—value placed on this contract, among other things—is arbitrary, indeterminate, and without basis or reason.

It is argued that no guide or method was prescribed for the taxpayer in making the declaration of value. However, that contention cannot be sustained, because under this statute, the value to be placed upon the capital stock of a taxpayer is solely a matter within the power and control of the taxpayer. In such a case, there is "no necessity for a guide or a method for making a statement of fact by one who is in possession of full information with reference to the subject." Chicago Telephone Supply Co. v. United States, Ct. Cl., 23 F. Supp. 471, 476.

The motion of the defendant to dismiss the complaint of the plaintiff for insufficiency is granted. Settle order on notice.