## BLAKE & KENDALL CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 3438.

Circuit Court of Appeals, First Circuit.
June 13, 1939.

John J. Fitzgerald, of Boston, Mass. (Albert L. Hyland and Lyne, Woodworth & Evarts, all of Boston, Mass., on the brief), for Blake & Kendall.

Joseph M. Jones, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., on the brief), for Commissioner.

Before WILSON, Circuit Judge, and PETERS and SWEENEY, District Judges.

SWEENEY, District Judge.

The Board of Tax Appeals on January 12, 1939, decided that there was a deficiency in the sum of $4,948.24 in the excess profits tax of the petitioner for the calendar year 1933. A petition for review brought the case before this court.

The question presented is whether the Commissioner erred in refusing to accept an amended capital stock return filed on September 28, 1933. This decision will turn upon the interpretation of Section 215(f) of the National Industrial Recovery Act of June 16, 1933 (48 Stat. 195, Chap. 90, pages 207, 208), which reads as follows:

"(f) For the first year ending June 30 in respect of which a tax is imposed by this section upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended). * * *"

The taxpayer on August 15, 1933, filed a return showing the original declared value of its capital stock to be $222,967.77. On September 28, 1933, which was within the period for filing such returns for the year ending June 30, 1933, the taxpayer filed another return which purported to correct and amend the return filed on August 15, 1933. In that return it disclosed that the original declared value of its capital stock was one million dollars.

The taxpayer contends that the parenthetical prohibition contained in Section 215(f) is not operative to bar the return filed by it on September 28, 1933, and, in support of its contention, cites the case of Glenn v. Oertel Co., 6 Cir., 97 F.2d 495, and stresses the fact that its return of September 28, 1933, was in correction of an error that had been made in its original return. It argues that the manifest purpose of the statute was to impose a tax on the fair value of the corporate stock.

Section 216 of the Act imposes an excess profits tax for the first taxable year after the imposition of the capital stock tax. This tax is to be measured by the relation of profits to the value of the capital stock that was declared in the first capital stock tax return.

Apparently it was the intent of Congress to allow corporations considerable latitude in reporting their capital stock structure for the first year. This report would determine the capital stock tax that was to be paid for the first year. Congress apparently recognized that the benefit accruing to the taxpayer by reason of a low adjusted declared value of its capital stock in its first return would be off-set by the imposition of higher taxes in the subsequent years when the excess profits tax went into effect. It therefore stated in Section 215(f) that the first return filed "cannot be amended."

The language used is clear, unambiguous, and hardly needs recourse to the Congressional debates to understand its meaning. See United States v. Hartwell, 6 Wall. 385, 18 L.Ed. 830, wherein the court said: "If the language be clear it is conclusive. There can be no construction where there is nothing to construe." It is as clear as though, rearranging the wording of section 215(f), it said: The first declared return of the adjusted declared value for the year ending 1933 cannot be amended.

The court, in deciding Glenn v. Oertel Co., supra, was not unmindful of the decision of Scaife & Sons Co. v. Driscoll, 3 Cir., 94 F.2d 664, which had reached a contrary decision on very similar facts, but refused to follow it. It reached its decision on the reasoning that Congress could not have intended an untrue return to be unamendable. While Congress may not have intended to base a tax on an untrue return, it, nevertheless, put the taxpayer on notice that care should be taken in the preparation of its first return by writing into the Act the prohibition against amendments after the value had been "declared * * * in its first return."

In the Scaife case, supra, the court said, 94 F.2d at page 666: "The statute declares that the declaration of value contained in the first return cannot be amended. This language is plain, and it means what it says. Therefore the collector possesses no power to accept and file the amended return in lieu of the original return." In Chicago Telephone Supply Co. v. United States, Ct.Cl., 23 F.Supp. 471, decided May 31, 1938, the court made no reference to the Scaife case, but reached the same conclusion. It is worthy of notice that the contemporaneous construction placed on the statute in the regulations promulgated by the Commissioner of Internal Revenue was that the original declared value of the capital stock could not be changed, amended or corrected either by the corporation or by the Commissioner. This administrative construction is given the force and effect of law, since it has received Congressional approval through re-enactment of the same statutory provisions. See Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457.

The decision of the Board of Tax Appeals is affirmed.