**JACOB FROEHLICH CABINET WORKS v. UNITED STATES.**

District Court, S. D. New York.

Aug. 9, 1939.

Abraham Lipton, of New York City, for plaintiff.

John T. Cahill, U. S. Atty., of New York City (Dolores C. Faconti, of New York City, of counsel), for defendant.

CONGER, District Judge.

The plaintiff, a New York corporation, on August 11, 1933, filed with the Collector of Internal Revenue for the 14th District of New York, its return of capital stock tax for the year ending June 30, 1933, under Section 215 of the National Industrial Recovery Act (48 Stat. 207). This return declared its total capital stock value to be $10,000, and on this return paid a tax of $10.00. On March 14, 1934, the plaintiff filed an amended capital stock tax return for this same period, redeclaring its capital stock value to be $200,000, for which a tax of $200 should be imposed. The Collector refused this amended return, and on the basis of the original capital stock declaration assessed an excess-profit tax (Section 216(a), N.I.R.A.) in the sum of $502.49, together with interest in the sum of $49.14 which was paid under protest. The plaintiff, on the basis of the declared value in the amended return, contended that no excess-profit tax was due and owing, and filed a claim for refund for this imposed tax. This claim was disallowed by the Commissioner, and now plaintiff brings this action to recover $524.82 paid as excess-profit tax and interest.

The question raised is whether the Commissioner should have accepted the plaintiff's amended capital stock tax return, on the basis of which no excess-profit tax is due the government.

Section 215(a) of the Act imposes upon every domestic corporation a capital stock tax for each year ending June 30, in the sum of $1 for each $1,000 of the adjusted declared value of its capital stock. Subdivision (d) of Section 215 provides that the Commissioner may extend the time for making the returns and paying the taxes

imposed by this Section, under such rules and regulations as he may prescribe with the approval of the Secretary, but no such extension shall be for more than sixty days. Subdivision (f) of this Section (section 215) provides that for the first year ending June 30, 1933, in respect of which a tax is imposed upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this Section (which declaration of value cannot be amended).

Section 216(a) of the Act imposes "upon the net income of every corporation, for each income-tax taxable year ending after the close of the first year in respect of which it is taxable under section 215, an excess-profits tax equivalent to 5 per centum of such portion of its net income for such income-tax taxable year as is in excess of 12½ per centum of the adjusted declared value of its capital stock * * * determined as provided in section 215."

The plaintiff taxpayer rests its claim that the amended return should be accepted by the Commissioner, upon the case of Oertel Co. v. Glenn, D.C., 13 F.Supp. 651, in which the District Judge allowed the amended return to be filed in order to correct an alleged mistake in the original return, if filed before an excess-profit tax return is due. The Circuit Court of Appeals by its language, in this same case, on appeal (6 Cir., 97 F.2d 495), however, seems to limit the filing of this amended return up to the time of the extension allowed by statute (Section 215(d), N.I.R.A.) and not until an excess-profit tax return is due. The Court said that Congress did not intend an untrue return to be unamendable for no better or more substantial reason than that it was first in point of time, when the extension granted by the Commissioner had not expired when the correction was filed.

In the case at bar, the amended return was not filed until long after the extension period had expired; and even after the period, for which the excess-profit tax was due, had passed. I do not think that the Circuit Court of Appeals in Oertel Co. v. Glenn, supra, meant that a corporation could file an amended capital stock return at any time whatsoever. If it were allowed to file a corrected form after the extension period allowed by the statute, the Courts would be defeating the very language employed by Congress in the statute itself.

It seems to me that the greater weight of authority is against the contention of the plaintiff. William B. Scaife & Sons Co. v. Driscoll, 3 Cir., 94 F.2d 664; Chicago Telephone Supply Co. v. U. S., Ct.Cl., 23 F.Supp. 471, certiorari denied October 10, 1938, 305 U.S. 628, 59 S.Ct. 92, 83 L.Ed. —; Rosoff Tunnel Corporation v. Joseph T. Higgins, D.C.S.D.N.Y., 28 F.Supp. 880, December 7, 1938; Haggar Company v. Commissioner of Internal Revenue, 5 Cir., 104 F.2d 24, 26, May 23, 1939.

The Haggar case is the last word on the subject, and is directly in point herein. There, the Court stated: "If the language of section 215(f) is to be taken literally, there can be no doubt of the correctness of the interpretation placed thereon by respondent and the Board of Tax Appeals. That language is, 'the adjusted declared value shall be the value, as declared by the corporation in its first return under this section.' This language is immediately followed by the parenthetical provision, 'which declaration of value cannot be amended.' This language is clear and free from any ambiguity or shades of meaning which would call for the application of any rules of construction other than that it shall be given its plain meaning. If Congress had intended to allow an amendment to the declaration of value within the time for filing returns, it could have done so, and would not have specified the declaration in the first return as the basis for the computation of the tax."

The motion of the defendant should be granted, and the complaint of the plaintiff dismissed for failure to state facts sufficient to constitute a cause of action.