**MIDVALE PAPER BOARD CO., Inc., v. UNITED STATES.**

District Court, S. D. New York.

Feb. 20, 1940.

852

White & Case, by Francis L. Casey, all of New York City (A. Chauncey Newlin, Joseph Willard, and Winslow M. Lovejoy, all of New York City, of counsel), for plaintiff.

John T. Cahill, of New York City (Edward J. Ennis, of New York City, of counsel), for defendant.

CONGER, District Judge.

This is a motion for judgment dismissing the complaint for failure to state a claim upon which relief can be granted.

The within action is brought to recover the capital stock tax paid by the plaintiff with respect to the taxable year ending June 30, 1933, in the amount of $420, on the ground that the law under which said capital stock tax was imposed was unconstitutional and void.

The tax statutes involved in this action are Section 215 and 216 of the National Industrial Recovery Act (June 16, 1933 c. 90, 48 Stat. 195, 207, 208). Section 215 imposed a capital stock tax; and Section 216 imposed an excess-profits tax based on the declaration of the value of capital stock under Section 215. These statutes have been the subject of much litigation, mostly on the question of the taxpayer's right to file an amended return (see Haggar Co. v. Helvering, 60 S.Ct. 337, 84 L.Ed. —, decided January 2, 1940), although there are cases which have decided that these statutes are constitutional. See Chicago Telephone Supply Co. v. United States, ct. cl., 23 F.Supp. 471; Allied Agents, Inc. v. United States, ct.cl., 26 F.Supp. 98; Rosoff Tunnel Corp. v. Higgins, D.C., 28 F.Supp. 880. As yet, no Circuit Court of Appeals has passed on the constitutionality of these statutes, nor has the Supreme Court of the United States.

The question presented is whether the statutory use of a taxpayer's declared value of its capital stock as a basis for the capital stock tax, rather than some other "actual" value, renders the tax so arbitrary as to be unconstitutional.

The plaintiff presents five grounds for having these tax statutes declared unconstitutional:

(1) That the tax as imposed bears no relation to the value of capital stock, and is therefore capricious and arbitrary, and is in violation of the Fifth Amendment of the Constitution of the United States;

(2) That whether or not the capital stock tax is intended to have any relationship to the value of the capital stock, it is so grossly discriminatory and lacking in classification as to violate the Fifth Amendment;

(3) That because it is so indefinite on its face as to make taxpayers guess at its meaning and act at their peril;

(4) That in enacting the capital stock tax, Congress made an unauthorized delegation of its powers;

(5) That the capital stock tax violated the Fifth Amendment by reason of the adjustment provision for years subsequent to the "declaration year" (1933).

It is important to note that the plaintiff falls into the fallacy that the capital stock tax is considered separate and alone, with no connection to the excess-profits tax. Before an interpretation of plaintiff's arguments can be considered, it must be remembered that both of these statutes are interrelated, and operate together.

On the first point, this Court in the case of Rosoff Tunnel Corp. v. Higgins, supra, passed on this precise question in holding the statute constitutional. See also Allied Agents, Inc., v. United States, supra, certiorari denied, 60 S.Ct. 72, 84 L.Ed. —, October 9, 1939; Chicago Telephone Supply Co. v. United States, supra, certiorari denied, 305 U.S. 628, 59 S.Ct. 92, 83 L.Ed. 402.

Whether this method of arriving, for the purpose of taxation of the value of the capital stock of a corporation, at the adjusted value of the capital stock to be declared by the corporation is based on the theory that the taxpayer, is the one best

qualified to fix the value and so declare it, or whether the theory is that the taxpayer may declare any value that he may see fit to place on the capital stock, in my opinion, makes no difference.

I do not regard this method of fixing the value of the capital stock for the purpose of taxation, as arbitrary and capricious so as to amount to confiscation. While the United States Supreme Court, in the case of Haggar Company v. Helvering, supra, did not pass on the constitutionality of these statutes, yet it did take up and discuss this method of taxation under the sections (215 and 216) and the theory of the taxing powers of the authorities [60 S.Ct. 338]: "It will be observed that by § 215 (a) and (f) the declared value of capital stock which is made the basis of computation of both taxes is not required to conform either to the actual or to the nominal capital of the taxpaying corporation; and that the declared value for the first taxable year, with the addition or subtraction of specified items of subsequent capital gains or losses is made the basis of the computation of both taxes in later years. The taxpayer is thus left free to declare any value of capital stock for its first taxable year which it may elect, but since the declared value for the first year is a controlling factor for the computation of taxes for later years, the statute provides that the declaration once made cannot be amended. Because of the method of computation, increase or decrease in the declared value of capital, and of the corresponding tax, produces, as the case may be, a decrease or an increase in the tax on excess profits. * * * Here the purpose of the statute is unmistakable. It is to allow the taxpayer to fix for itself the amount of the· taxable base for purposes of computation of the capital stock tax, but with the proviso that the amount thus fixed for the first taxable year shall be accepted, with only such changes as the statute prescribes for the purpose of computing the capital stock and excess profits taxes in later years. Congress thus avoided the necessity of prescribing a formula for arriving at the actual value of capital for the purpose of computing excess profits taxes, which had been found productive of much litigation under earlier taxing acts, see Sen.Rep. 52, 69th Cong., 1st Sess., pp. 11-12; cf. Ray Consolidated Copper Co. v. United States, 268 U.S. 373, 376, 45 S.Ct. 526, 527, 69 L.Ed. 1003. At the same time it guarded against loss of revenue to the Government through understatements of capital, by providing for an increase in excess profits tax under § 216 ensuing from such understatements."

■ Upon the plaintiff's second argument the Court cannot agree that the tax is grossly discriminatory and lacking in classification. This argument is very well answered in the case of Allied Agents, Inc., v. United States, supra, as follows [26 F.Supp. 102]: "Different taxpayers present an almost infinite number of varying conditions and it is impossible to adjust many taxes so that they will apply with uniformity to each and every taxpayer. Taxation is not an exact science and discrimination cannot always be avoided. The ideal tax would be one which when applied always operated with absolute equality between taxpayers. But while this ideal should be sought it is seldom attained, and the difficulty is greatest when framing taxes in accordance with ability to pay. No absolute rule can be laid down prescribing the degree of uniformity required, but it is safe to say that if it is reasonable considering the general nature of the tax which is applied, the statute will not be invalid. We are clear that when the self-adjusting principles of the two taxes are considered the results of their application will show a reasonable degree of uniformity, fairness and equity between the taxpayers. It would be impossible to adjust the system of applying the capital stock tax and the excess-profits tax 'so as to render it precisely· equal in its bearing.' "

■ The third argument of plaintiff was passed on by this Court in the case of Rosoff Tunnel Corp. v. Higgins, supra, where it was stated, at page 882 of 28 F. Supp.: "It is argued that no guide or method was prescribed for the taxpayer in making the declaration of value. However, that contention cannot be sustained, because under this statute, the value to be placed upon the capital stock of a taxpayer is solely a matter within the power and control of the taxpayer. In such a case, there is 'no necessity for a guide or a method for making a statement of fact by one who is in possession of full information with reference to the subject.' Chicago Telephone Supply Co. v. United States [supra]." See also above-quotations from case of Haggar Company v. Helvering, supra.

■■ It is hard to see plaintiff's fourth argument that Congress made an unlawful

delegation of its powers. Congress did not delegate any power of taxing, but rather allowed the taxpayer to make its own declaration. This was done for its own administrative ease. The excess-profits tax eliminates the argument of plaintiff that the taxpayer may pay such taxes as he pleases. The very fact that a corporation knows of its inclusion in the excess-profits tax, indicates that this second tax equalizes any undervaluation declared in the capital stock tax, and thus null and void any advantage that a corporation might gain by choosing a valuation with a low tax under the capital stock tax; he would not be paying any tax that he pleases.

On the plaintiff's last point it might be stated, that this question was considered in the case of Allied Agents, Inc., v. United States, supra. I agree with the reasoning of that construction, and therefore hold against the plaintiff on this point.

Motion granted; complaint of plaintiff dismissed. Settle order on notice.