**SERVEL, Inc., v. UNITED STATES.**

**UNITED MOTORS SERVICE, Inc., v. SAME.**

**GENERAL MOTORS CORPORATION v. SAME.**

Nos. 44848, 43929, 43947.

Court of Claims.

Nov. 12, 1940.

Leland T. Atherton, of New York City (Chadbourne, Hunt, Jaeckel & Brown, of New York City, on the briefs), for plaintiff in case No. 44848.

Benjamin E. Jaffe, of Detroit, Mich. (R. M. O'Hara, of Detroit, Mich., on the briefs), for plaintiffs in cases Nos. 43929 and 43947.

George H. Foster, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, and WHITAKER, Judges.

GREEN, Judge.

The three cases above named all involve the same question and were submitted at the same time. In each of these cases the defendant demurs to the petition which is based primarily on an allegation that the capital-stock tax is unconstitutional and void. This presents the only question raised for determination.

The question of the validity of the capital-stock tax has several times been before this court and other courts. In each instance it has been sustained. While the argument presented on the hearing in these cases, in a general way, cannot be said to be new or to present any new objections to the tax, the manner of presentation is somewhat different and we have given the subject further consideration.

The main argument made to show the invalidity of the tax is based on the fact that the taxpayer is required to declare the value of the capital stock in the first instance and that this value is taken as its value for the subsequent years involved, without any change being permitted except by reason of matters affecting the capital structure which are not involved in any of the cases before us.

We do not think it is necessary to repeat here what we said in the case of Allied Agents v. United States, 26 F.Supp. 98, 88 Ct.Cl. 315, certiorari denied, 308 U.S. 561, 60 S.Ct. 72, 84 L.Ed. 471, although it may be well to amplify some of the statements of the opinion in that case. As we said therein, the fundamental error in the position taken by the plaintiff is in treating the capital-stock tax as having no connection with the excess-profits tax, and in the contention that the declared value is presumptively the actual value. That these contentions are incorrect is shown by what is said in Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 338, 84 L.Ed. 340, in which the nature, purpose, and operation of the capital-stock tax and excess-profits tax is explained and declared as follows:

"* * * Sections 215 and 216 of the National Industrial Recovery Act impose interrelated taxes on domestic corporations, namely an annual capital stock tax and an annual tax on profits in excess of 12½ per cent of the capital stock, calculated on the basis of the value of the capital stock as fixed by the corporation's return for the first year in which the tax is imposed. * * *

"It will be observed that by § 215 (a) and (f) the declared value of capital stock which is made the basis of computation of both taxes is not required to conform either to the actual or to the nominal capital of the taxpaying corporation; and that the declared value for the first taxable year, with the addition or subtraction of specified items of subsequent capital gains or losses is made the basis of the computation of

both taxes in later years. The taxpayer is thus left free to declare any value of capital stock for its first taxable year which it may elect, but since the declared value for the first year is a controlling factor for the computation of taxes for later years, the statute provides that the declaration once made cannot be amended. Because of the method of computation, increase or decrease in the declared value of capital, and of the corresponding tax, produces, as the case may be, a decrease or an increase in the tax on excess profits."

While the constitutionality of the tax was not attacked in the case above cited, the clear implication of the opinion is that the tax was constitutional. The decisions of this court prior to and since the time when the opinion in the Haggar Co. case, supra, was written are in entire accord with the views of the Supreme Court as stated above.

■ There is nothing arbitrary in requiring the taxpayer, through its officers, to declare a value upon which it was willing to pay a tax and which it was willing to use as a basis in computing an excess-profits tax. Congress certainly possessed authority to lay an excise-capital-stock tax and to impose an excess-profits (income) tax on net income in excess of certain credits. This being so, we think it is obvious that there was nothing arbitrary or capricious in the constitutional sense in the action of Congress in choosing to prescribe as the measure of the capital-stock tax and the excess-profits-tax credit of each taxpayer the value of the capital stock as declared by it for the first taxable year under the statute. We have held, and the view has been supported by other courts, that no one was better qualified to place an estimate upon the value of the stock than the taxpayer itself, through its agents and officers, and that there was nothing prejudicial to such taxpayer or to others in so providing in the statute.

Notwithstanding the decisions to the contrary, it is especially urged in the cases which we now have before us that where the tax is being imposed for the year after that in which the declaration of value is made the taxpayer is compelled to guess at the value of the stock in a subsequent year at his peril. As we have intimated in a prior opinion, this argument at first glance may seem plausible, but upon examination we think it will be clear that it is unsound. The taxpayer is not required to guess at anything and if it makes a guess it is only in trying to so fix a value that it will result in paying the lowest amount of tax possible on capital stock or profits. The statute as it stood during the period involved simply required that a valuation be declared for the first year and that when this valuation is stated it cannot be changed. We see nothing unconstitutional in this. Congress permitted the plaintiff to choose for itself a valuation which it would put upon the stock for the purpose of computing a capital-stock excise tax and the excess-profits tax.

The question as to whether the Government may base a tax upon the value fixed for a former year was considered and decided adversely to the plaintiffs herein in the case of La Belle Iron Works v. United States, 256 U.S. 377, 391, 41 S.Ct. 528, 532, 65 L.Ed. 998, in which the former wartime excess-profits tax was considered. This Act, under which the excess-profits tax was computed upon a statutory invested capital measured by the original cost of the property of the corporation instead of its value at the time the tax was levied, was attacked as unconstitutional. The basis of the argument was that the Act permitted no change on account of increase in value of property used and by reason thereof was arbitrary and caused unreasonable discrimination between the taxpayers upon which the excess-profits tax was imposed. But it was said in the opinion that certainly "Congress, in seeking a general rule, reasonably might adopt the cost basis." It is true that the question in that case was in reference to the validity of the excess-profits tax, but the basis of the tax was a valuation based on cost, and no change in this valuation was permitted in subsequent years. It was held that continuing the original valuation produced no arbitrary discrimination between taxpayers, and the tax was therefore constitutional. In the cases before us in which the taxpayer itself has an election as to the valuation of the property the rule would apply with even greater force.

■ The argument made on behalf of plaintiffs on this point is somewhat singular in several respects. It is not a valid objection that the plaintiffs may have to consider the value of the stock in a subsequent year when it makes its declaration for the first year. The value of stock in a going and operating concern is always based largely on an estimate of the amount of profit which it will make in future years. In

fact this is usually the most important consideration. In *Rosoff Tunnel Corporation v. Higgins*, D.C., 28 F.Supp. 880, 881 (a capital stock case), it is said: " * * * It is elementary in the business world, that business men every day must commit themselves upon the future prospects and anticipatory profits of their businesses. They are called upon to estimate the demands, the whims, and the hazards of the trade; and the common experience of men, as shown by the majority of successes, has proven that, on the whole, these estimates have been correct." Under the theory advanced by plaintiffs this estimate would be a mere guess.

■ Another peculiar feature of these cases is that the petitions of plaintiffs and the arguments made show that each of them was in fact not trying to fix a fair value on its stock but "guessing" at a valuation which would give them a large excess-profits credit, and thereby enable the corporation to escape paying any excess-profits taxes. If this attempt to avoid taxation was not entirely successful and resulted, as is contended, in plaintiffs paying a larger stock tax than would have been paid if a fair value had been declared, the taxpayers have no one to blame but themselves. As has been said in several cases, while the statute did not require the use of the actual or fair value of the stock, the intent of the statute was that a fair valuation should be stated, and it was purposely so framed in connection with the excess-profits-tax statute as to encourage the statement of a fair value and to tend to make it unprofitable to attempt to avoid taxation. We think the statutory provisions enacted for this purpose were just and fair instead of being arbitrary and unreasonable.

■ In the cases now before us it is again urged that the tax is arbitrary and discriminatory and that this is shown by examples of supposititious cases, and as it is applied in the cases before us. Nothing new is presented in the argument in support of this contention, which is considered and reviewed at length in the case of Allied Agents, Inc., v. United States, supra. We think it unnecessary to add anything to what we said in that opinion in which we called attention to the now well-established rule that it is impossible to adjust many taxes so that they will apply with uniformity to each and every taxpayer, and gave the reasons upon which it is based. The wartime excess-profits tax was often and unavoidably discriminatory—so much so that a provision was made for special assessments (in the discretion, however, of the Commissioner), but it was held constitutional. We think that in comparison the provisions under consideration when followed in good faith by the taxpayer will produce less discrimination.

The conclusions stated above relate to questions that have arisen before and have often and uniformly been decided against the contentions of plaintiffs here made. The reasoning in some of the opinions rendered is so cogent and convincing that we would set it out were it not for the fact that to do so would unduly extend the length of this opinion. Some other questions are raised by counsel, but all, with one exception which we shall mention later, are covered by the opinion of this court in the case of Allied Agents, Inc., supra, and the decisions cited below.

Among the cases supporting the views we have expressed are Rosoff Tunnel Corp. v. Higgins, D.C., 28 F.Supp. 880; Midvale Paper Board Co. v. United States, D.C., 31 F.Supp. 851; Stromberg-Carlson Mfg. Co. et al. v. McGowan, D.C., 32 F.Supp. 101; Hornell Ice & Cold Storage Co. v. United States, D.C., 32 F.Supp. 468; Mountain Iron Co. v. United States, D.C., 31 F.Supp. 895.

In the following-named cases the constitutionality of the tax was sustained without opinion: Gary Land Co. v. Smith[1] (S. D. Ind.), decided January 22, 1940; Utah Oil Refining Co., v. Hinckley[1] (Utah), decided February 20, 1940; Oil Well Supply Co. v. Thomas (N. D. Texas),[1] decided February 20, 1940; Southeastern Compress & Warehouse Co. v. Page[1] (N. D. Ga.), decided March 20, 1940.

The cases of Stromberg-Carlson Mfg. Co. v. McGowan, supra, and Hornell Ice & Cold Storage Co. v. United States, supra, involved not only the year in which the declaration of stock value was made but also a subsequent year, and in each case the court sustained the validity of the statute.

■ One new objection is made to the tax in cases Nos. 43929 and 43947. It is claimed that the tax is retroactive and void because "Section 215 of the N. I. R. A. was adopted on June 16, 1933, 48 Stat. 207, and the first taxable year for which the capital

---

[1] No opinion for publication.

470

stock is imposed is the entire year ending June 30, 1933. Section 701 of the Revenue Act of 1934 was adopted on May. 10, 1934, 26 U.S.C.A. Int.Rev.Acts page 787, and the first taxable year for which the capital stock tax is imposed is the entire year ending June 30, 1934." In support of this contention it is argued that the capital stock tax is an excise tax with reference to the privilege of doing business and that the imposition of the taxes for the periods prior to the enactment of the Acts in question is unreasonable, discriminatory, and in violation of the Fifth Amendment to the Constitution. The basis of this argument cannot be maintained. There is no tax levied for the period prior to the enactment of the taxing act. The tax is imposed not for doing business during the whole of the taxable year but for doing business in "any part of such year." The corporation did carry on business during a part of such year and hence was subject to the tax for so doing *after* the enactment of the statute and not before. We see nothing retroactive in this as the tax was measured not in accordance with the length of time that the corporation was in business but according to the value of its capital stock. We think it was quite within the power of Congress to so establish it, and that it was not so arbitrary or discriminatory as to make it unconstitutional.

The demurrer is sustained and the plaintiff's petition dismissed in No. 44848, No. 43929, and No. 43947. It is so ordered.