## In re ACME TRAFFIC SIGNAL CO.
### No. 35751—M.

District Court, S. D. California,
Central Division.
Feb. 25, 1941.

Robert B. Powell, of Los Angeles, Cal., for George Goggin, trustee.

Wm. Fleet Palmer, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty. of Internal Revenue Department, all of Los Angeles, Cal., for the United States.

McCORMICK, District Judge.

The Collector of Internal Revenue presents a claim in this bankruptcy proceeding for the aggregate sum of $202, alleged to be due from the bankrupt as capital stock tax for the year ending June 30, 1940.

Acme Traffic Signal Company was adjudicated bankrupt on May 13, 1940. Upon the trustee's refusal to sign a return prepared by the Collector for the capital stock tax for 1940, the Collector, under authority of Section 3612 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3612, made the return. In it the Collector started with the adjusted declared value of $198,412.46, reported in the company's 1939 capital stock tax return. This 1939 return was made by the officers of the Acme Traffic Signal Company, a corporation, prior to the filing by the bankrupt of the initial bankruptcy proceeding in this matter under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. From this amount $13,446.20 was deducted as amount of loss occurring during previous income tax year, according to the taxpayer's books. Thus an adjusted declared value of $184,966.26 was arrived at for the year ending June 30, 1940. Capital stock tax of $184 was computed and assessed for 1940, and as Section 205 of the Revenue Act of 1940, 26 U.S.C.A. Int.Rev.Code, § 1200(c) enacted after the preparation of the claim herein, provided for an increase of the amount of the tax by 10%, the total tax for which claim is made against the bankrupt is $202.

One further conceded fact before the referee is that the capital stock of Acme Traffic Signal Company had an actual fair market value at less than $184,000 on June 30, 1940, and that the trustee in bankruptcy was able to obtain no more than $5,100 from the sale of all of the bankrupt's assets.

The referee allowed the claim of the Government, and the trustee in bankruptcy has petitioned for review of the referee's order of allowance dated October 15, 1940.

The question for decision as propounded by the referee's certificate is thus stated: "Is the 'adjusted declared value' of the capital stock of Acme Traffic Signal Company the proper and correct value to be used for measuring the capital stock tax due from the bankrupt for the taxable year ending June 30, 1940, or should that tax have instead been measured by the value of the corporation's assets?"

We think a faulty yardstick has been used in measuring the tax chargeable to the bankrupt estate and to its trustee.

Preliminary to a discussion of the problem in this review, it is to be observed that the briefs of the attorneys for both sides of this controversy concede, and we think necessarily so under the weight of authority, that the bankruptcy court has full power under Section 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, to hear and determine whether the value which forms the basis for the assessment

of the disputed capital stock tax was a proper and correct value as provided by Section 1200(a) et seq., of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1200(a) et seq. See In re Florence Commercial Co., 9 Cir., 19 F.2d 468; Dickinson v. Riley, 8 Cir., 86 F.2d 385. But whether the determination of the question under consideration is under Section 64, sub. a, or under Section 62 of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, and § 102, as an expense of administration, the power of the bankruptcy court to decide the matter is coextensive in either situation.

▇ It is clear from the record before us, in fact it appears from the financial statement in the original petition for reorganization under Chapter X which terminated in the later bankruptcy adjudication, that the 1939 return did not declare or reflect a true or reasonably correct capital stock value. Under such circumstances, the fictitious evaluation is not binding upon the trustee.

In this review we are not dealing with a return made by a taxpayer who had previously made a declaration of capital stock value in an earlier return, nor are we considering a return made by a trustee in bankruptcy either with or without bankruptcy court authorization. Here we find a bankrupt corporation at no time subsequent to May 13, 1940, "carrying on or doing business," but where all of the activities of its trustee are directed to the liquidation and distribution in accordance with the ordinary processes of the Bankruptcy Act. In such a case, under the express authority of Section 64, sub. a, of the Bankruptcy Act an obviously arbitrary and fictitious value as the basis of a tax against the trustee is not conclusive against him. By reason of the broad investiture of power under the bankruptcy act, the bankruptcy court cannot be precluded from ascertaining and determining the amount of the capital stock tax, if any, that is assessable and chargeable against the bankrupt estate because some entity, unauthorized by the court, has at some earlier time made a commitment with respect to the capital value of the corporation when the company was carrying on and doing business. New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284.

▇ The purpose of establishing an irrevocable adjusted declaration of value by a corporate taxpayer as the basis of its capital stock tax is to protect the government from avoidance by the taxpayer of just capital stock taxes and the interrelated excess profits tax, as well. See Chicago Telephone Supply Co. v. United States, Ct.Cl., 23 F.Supp. 471.

It is impossible for this bankrupt to avoid any taxes which it is reasonably obligated to pay under the indisputable facts shown by the record before us; therefore the reason for the rule of binding declared value is absent and the rule is inapplicable to this proceeding.

In the light of absolute bankruptcy and the history of preceding complete financial breakdown of Acme Traffic Signal Company, as shown in the record before us, it is obvious that as a practical matter any tax determination of the bankrupt company that is based upon the adjusted declared value of capital stock of such company as of the year 1939 is incorrect, artificial and groundless. We think the conceded fact that the capital stock of the bankrupt corporation had an actual fair market value of less than the "adjusted declared value" of June 30, 1940, and the established fact that the trustee was able to obtain no more than $5,100 from the sale of all of the bankrupt's assets, demonstrate the unwarranted application of Section 1200(a), et seq., Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1200(a), et seq., to the matter before the bankruptcy court.

▇ The Eighth Circuit Court of Appeals in the recent decision of Arkansas Corporation Commission v. Thompson, 116 F.2d 179, 182, discussing the broad and exclusive powers of the bankruptcy court in hearing and determining, under Section 64, sub. a, of the Bankruptcy Act, the validity and amount of disputed taxes, said: "As to the contention that Section 64, sub. a is applicable only to taxes which have accrued against the railroad debtor prior to the institution of proceedings under Section 77 [11 U.S.C.A. § 205]. The relevant wording of 64, sub. a as it appears in the 1938 amendment is 'in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court' (meaning the bankruptcy court), and we discern no reason to hold that the words 'any taxes' should be restricted as contended for. The amendment of the Bankruptcy Act of June 22, 1938, does not change the classification of taxes accruing during the trustee's possession as part of the cost and expenses of administration which are subject to the de-

termination of the bankruptcy court. As the court must pass upon them for the purpose of allowance or disallowance, it is necessary that it should have the power to hear and determine their amount and legality. The contention is overruled."

We think this language is strikingly applicable to the situation before us in this review.

■ The bankruptcy court under the facts of this proceeding has the power, which we think it should exercise, to determine the capital stock tax in accordance with the real value of the assets of the bankrupt estate. The taxpayer here involved is not the corporate entity which was subject to and bound by the "adjusted declared value." It is an entirely different taxable entity in no way responsible for the declaration of value made by the business going concern. See Judge James' decision In re Bradford Bakeries, Inc., No. 24,264, of the files of this court;[1] Kentucky Fire Brick Co. v. Glenn, D.C.Ky., 34 F.Supp. 35.

The referee's order of October 15, 1940, is not confirmed and is vacated, and this entire matter and the records hereof are returned to the referee with directions to further proceed in accordance with the views expressed in this decision and order.

---

[1] No opinion for publication.